BLUE, Judge.
Michael J. McCoy appeals his conviction and sentence for possession of cocaine, arguing that the State failed to prove constructive possession. The record contains independent evidence of circumstances from which the jury could lawfully infer McCoy’s actual knowledge of the cocaine. See Moffatt v. State, 583 So.2d 779 (Fla. 1st DCA 1991). Because the evidence was sufficient to present a question for the jury, we affirm McCoy’s conviction. See Parker v. State, 641 So.2d 483 (Fla. 5th DCA 1994).
. However, we agree with McCoy that the trial court improperly imposed certain costs and probation conditions. Accordingly, we strike the portions of conditions 8 and 20 that require McCoy to pay for random testing, drug/aleohol evaluation, and treatment. See Luby v. State, 648 So.2d *994 308 (Fla. 2d DCA 1995). We affirm the remaining conditions because Florida Rule of Criminal Procedure 3.986(e) provides notice sufficient to obviate the need for oral pronouncement. See State v. Hart, 668 So.2d 589 (Fla.1996). We also strike the $2 assessed per section 943.25(13), Florida Statutes (1993), because it is a discretionary cost that was not announced; we strike the $33 “cost/fine” because no statutory authority was provided. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
Conviction affirmed; certain costs and probation conditions struck.
RYDER, A.C.J., and PATTERSON, J., concur.