PER CURIAM.
After appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Ricky Norton, pro se, filed a brief challenging certain probation conditions and costs/fines. We affirm the judgment, but strike the following conditions of probation and costs/ fines.
Norton argues and the state agrees that the portions of conditions 8 and 20 requiring Norton to pay for random drug testing and to pay for an evaluation for alcohol abuse must be stricken as they are special *1187 conditions of probation not orally pronounced. McCoy v. State, 675 So.2d 993 (Fla. 2d DCA 1996). Additionally, we strike condition 24, requiring an evaluation to determine the need for inpatient drug treatment; it is a special condition of probation which was not orally pronounced. State v. Hart, 668 So.2d 589 (Fla.1996).
Finally, we strike the $433.00 cost/ fine which was imposed without statutory authority, and the $2.00 cost imposed pursuant to section 943.25(13), Florida Statutes (1993), since it was not orally pronounced at sentencing. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc).
RYDER, A.C.J., and LAZZARA and QUINCE, JJ., concur.