PER CURIAM.
Baron Walker appeals from a judgment and sentence stemming from his possession of cocaine. He entered a no contest plea reserving the right to appeal the denial of his motion to suppress. We have reviewed the events associated with his motion to suppress and we have concluded that the trial court did not err in its disposition of that motion; there was an adequate factual basis for the trial court’s determination that the drugs were in plain view on the ground below the door from which Walker exited the vehicle after it had stopped and occupants other than Walker had fled. This matter was presented to us pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our review has revealed no error other than the trial court’s failure orally to pronounce the special conditions embodied in its ultímate judgment. Thus, we strike that portion of Condition A requiring Walker to pay for drug or alcohol testing. See Williams v. State, 700 So.2d 750 (Fla. 2d DCA 1997), review granted, 707 So.2d 1127 (Fla.1998). We also strike Condition C, calling for drug/alcohol evaluation and treatment. See Norton v. State, 681 So.2d 1186 (Fla. 2d DCA 1996).
*1392 The judgment and sentence are otherwise affirmed.
FRANK, A.C.J., and THREADGILL and CASANUEVA, JJ., concur.