PER CURIAM.
Alex Key appeals the ten-year habitual felony offender sentence he received after the trial court revoked his community control. Because Key was originally given a non-habitual sentence, the trial court erred in imposing a habitual sentence upon violation of the community control. We, therefore, reverse and remand for resentencing.
The original sentencing documents show that Key pleaded guilty to aggravated battery and was sentenced pursuant to a plea agreement wherein he agreed to be sentenced as a habitual felony offender and to receive ninety days in the county jail, followed by two years of community control. No sentencing guidelines scoresheet appears in the record; however, at the hearing on the violation of community control, the Assistant State Attorney informed the court that Key’s guidelines range was between seven and eleven years.
Although Key agreed to habitual offender treatment, and the original sentencing documents indicate that the trial court designated the sentence imposed to be a habitual offender sentence, the original sentence of county jail and community control was not a habitual sentence because it did not exceed the statutory maximum. See Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999). In this circumstance, under Yashus, the trial court was not authorized to impose a habitual sentence upon a violation of the community control.
In Yashus, this court, relying on King v. State, 681 So.2d 1186 (Fla.1996), reversed a habitual offender sentence imposed after a second violation of probation because, although Yashus had agreed to habitual offender treatment in the original plea agreement, the original sentence imposed did not exceed the statutory maximum for the offense. This court reasoned that “although it appears that the court intended to sentence [Yashus] as a habitual offender, by imposing incarcerative sentences or probationary terms that fell within the guidelines or the statutory máximums, it simply failed to accomplish what it set out to achieve.” 745 So.2d at 505. Therefore, the trial court could not rely on the earlier agreement to sentence the defendant to a habitual offender sentence on the violation of probation. But see Yashus, 745 So.2d at 507 (Fulmer, J. dissenting) (disagreeing with the majority’s position as to the effect of the original plea agreement).
Because we are bound by this court’s decision in Yashus, we conclude that Key’s agreement to be treated as a habitual offender at the original plea hearing is not dispositive. Accordingly, we reverse the habitual designation and remand for imposition of a guidelines sentence. We certify conflict with Terry v. State, 778 So.2d 435 (Fla. 5th DCA 2001) and, to the extent our opinion conflicts with Rodriguez v. State, 766 So.2d 1147 (Fla.3d DCA 2000), we also certify conflict.
Key’s contention on appeal that his guidelines scoresheet should be recalculat *300 ed to comply with Heggs v. State, 759 So.2d 620 (Fla.2000), should be presented to the trial judge on remand.
Reversed and remanded.
BLUE, A.C.J., and DAVIS, J., concur.
FULMER, J., concurs specially.