805 So.2d 950 (2001)
Mark Richard LETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5377.
District Court of Appeal of Florida, Second District.
November 16, 2001.

EN BANC
FULMER, Judge.
Mark Richard Lett appeals from the denial of his motion to correct illegal sentence. We affirm because the sentence is *951 not illegal. We certify conflict with Yashus v. State, 745 So.2d 504 (Fla. 2d DCA 1999), which is erroneously designated as a Second District opinion in the Southern Reporter. Yashus is a Fifth District case in which three members of this court were appointed to serve as a Fifth District panel.[1]
On June 14, 1995, Lett entered a negotiated plea of nolo contendere to the charge of robbery with a weapon, a first-degree felony punishable by a term of imprisonment not exceeding thirty years pursuant to section 812.13(2)(b), Florida Statutes (1993). Lett agreed to a habitual offender sentence of fifteen years, the last seven of which would be suspended and during which Lett would be supervised on probation. On December 10, 1999, Lett filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he argued that his sentence was illegal for two reasons.
Lett first argued that the sentence imposed cannot be a habitual offender sentence because the trial court imposed a sentence more lenient than that required by the habitual offender statute, section 775.084(4)(a), Florida Statutes (1993), which authorizes a life sentence for a felony of the first degree. Lett next argued that his sentence is illegal as a guidelines sentence because it exceeds the maximum permitted guideline range without sufficient departure reasons.
The trial court concluded that Lett was not entitled to relief, explaining:
A court may sentence a defendant found to be a habitual offender to a more lenient sentence than the maximum permitted by the habitual offender statutes. See King v. State, 597 So.2d 309 (Fla. 2d DCA 1992). However, if the court sentences a defendant below the recommended guideline score, the court must state appropriate reasons for such downward departure. See Geohagen v. State, 639 So.2d 611 (Fla.1994). Defendant was not sentenced below his guideline score of 4.9 to 8.1 years DOC. (See Exhibit 2: scoresheet, attached). This is why the court did not provide written reasons for a downward departure. Defendant's sentence is therefore legal.
We agree with the trial court's recitals regarding habitual offender sentencing in general and with the trial court's conclusion that Lett's sentence is not illegal. However, our affirmance and the rationale in support of it conflicts with both the decision and the dicta in Yashus, in which the court concluded that "although it appears that the court intended to sentence Appellant as a habitual offender, by imposing incarcerative sentences or probationary terms that fell within the guidelines or the statutory maximums, it simply failed to accomplish what it set out to achieve." 745 So.2d at 505. Yashus interpreted the supreme court's opinion in King v. State, 681 So.2d 1136 (Fla.1996), to require that a negotiated plea must be for a sentence that exceeds the statutory maximum for the offense in order to constitute a valid habitual offender sentence. Thus, Yashus suggests that in order to be a valid habitual offender sentence, the sentence imposed must exceed the guidelines or the statutory maximum, even if imposed pursuant to a negotiated plea.
We are of the view that Yashus misinterpreted King. As we recently stated in Pankhurst v. State, 796 So.2d 618, 620 (Fla. 2d DCA 2001):
The sentences provided for in the habitual offender statute have been interpreted *952 by the supreme court to mean "any term of years" up to the maximum specified for the particular offense level, provided the term of years is not more lenient than that required by the habitual offender statute or recommended by the sentencing guidelines. Geohagen v. State, 639 So.2d 611 (Fla.1994); State v. Rinkins, 646 So.2d 727 (Fla.1994).
Thus, a non-negotiated habitual offender sentence must be for a term of years that equals or exceeds the minimum permitted guideline sentence. In other words, if the trial court wishes to impose a term of probation or a term of years that is below the permitted guidelines range, it must sentence pursuant to the guidelines and give reasons for the downward departure. However, a defendant may enter into a negotiated plea for a term of probation to be served as a habitual offender or a term of years as a habitual offender that is below the minimum guidelines range because, while such a sentence is not authorized by the habitual offender statute, it is not illegal and may be imposed pursuant to a plea agreement. King, 681 So.2d 1136; Walker v. State, 682 So.2d 555 (Fla.1996).
Here, Lett agreed to be sentenced as a habitual offender to the split sentence that was imposed. Regardless of the fact that the sentence was negotiated, however, we still conclude that he received a legal habitual offender sentence because the sentence imposed exceeded the minimum permitted guideline sentence of 4.9 years. Because Lett received a legal habitual offender sentence, we need not address his contention that his sentence was illegal as a guideline sentence.
We affirm the trial court's order denying Lett's motion to correct sentence and certify conflict with Yashus.
BLUE, C.J., and THREADGILL, PARKER, ALTENBERND, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER, DAVIS, SILBERMAN and COVINGTON, JJ., Concur.
NOTES
[1] This court has previously cited Yashus as a Second District opinion in Key v. State, 788 So.2d 298 (Fla. 2d DCA 2001), which was an error.