807 So.2d 684 (2001)
David E. JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1700.
District Court of Appeal of Florida, Second District.
December 21, 2001.
Rehearing Denied February 19, 2002.
James Marion Moorman, Public Defender, and Anthony C. Musto, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Acting Chief Judge.
David Jackson challenges a revocation order and the sentence imposed after his *685 probation was revoked. Jackson's probation was revoked based on three condition eight violations.[1] We strike one of those violations. However, because the State proved two of the three violations by a preponderance of the evidence, and the record leaves no question that the court would have revoked Jackson's probation on any one of the three violations, we affirm the revocation order. We also affirm Jackson's sentence.[2]
The amended affidavit of probation violation alleged that Jackson committed new law violations by driving with a suspended license, failing to register as a sexual offender, and soliciting prostitution. Jackson was designated a sexual predator after his conviction for lewd and lascivious conduct in 1996. Jackson's license had been suspended for failure to pay traffic fines and reinstated after he made payment. Jackson contends the court erred in revoking his probation based on his failure to register because the State alleged a violation of section 943.0435(3), (4), Florida Statutes (2000), which requires that sexual offenders (not sexual predators) register with the Department of Highway Safety and Motor Vehicles when renewing their driver's license. Section 943.0435 by its express terms does not apply to sexual predators but provides that sexual predators must register in accordance with section 775.21, Florida Statutes (2000). § 943.0435(5). Sections 775.21(6)(e)-(f) and 943.0435(3), (4) impose the same registration requirements.
The charging document itself did not cite a specific provision but only alleged that Jackson failed to register as a "sexual offender." Because the affidavit of violation did not specify the statute allegedly violated, defense counsel moved for a statement of particulars. The trial court granted the motion, and the State advised defense counsel that it was proceeding under section 943.0435. Thus, Jackson argues that his probation could not be revoked based on his failure to comply with the sexual offender registration statute, since that provision does not apply to him, a sexual predator.
The State argues that the error in charging Jackson with a violation of section 943.0435 was harmless. We recognize that in Hines v. State, 358 So.2d 183, 185 (Fla.1978), the supreme court held that deficiencies in a probation violation affidavit are subject to a harmless error analysis.[3] However, rather than a matter of *686 pleading sufficiency, we see this as an issue of proof and conclude that the court erred in revoking Jackson's probation based on his failure to register under either statute. The registration requirements for sexual predators in section 775.21(6)(e)-(f) are identical to those imposed for sexual offenders in section 943.0435(3), (4). Both statutes require that offenders register with the Department of Highway Safety and Motor Vehicles upon renewing their driver's license. Because Jackson's license was not subject to renewal but was automatically reinstated after he paid the traffic fines, the registration requirements of section 775.21(6) were never triggered. Therefore, this violation should be stricken from the revocation order on remand.
Revocation order and sentence affirmed, remanded to strike registration violation.
DAVIS, J., and SCHEB, JOHN M., Senior Judge, Concur.
NOTES
[1] Probation condition eight required that Jackson remain at liberty without violating the law.
[2] Jackson filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800. He challenged his habitual offender sentence based on Yashus v. State, 796 So.2d 540 (Fla. 5th DCA 1999), and the trial court granted the motion. However, this court recently certified conflict with Yashus and ruled that a negotiated habitual offender sentence need not exceed the statutory maximum for a given offense, but must only exceed the minimum permitted guidelines sentence. Lett v. State, 805 So.2d 950, 951 (Fla. 2d DCA 2001) (en banc). We note that pursuant to our decision in Lett, Jackson's original habitual offender sentence was legal.
[3] The Hines court held that as a matter of pleading sufficiency, an affidavit of probation violation need only give the probationer notice of the offense upon which revocation is to be based. As such, an affidavit must set forth basic facts concerning the violation, including its nature, time, and place of occurrence. Hines, 358 So.2d at 185. In order to violate due process, the affidavit must be insufficient to give the defendant notice of the nature of the charges against him and result in prejudice to his ability to prepare a defense. Id. Because the registration requirements under both statutes are identical, Jackson's due process argument would fail. However, a due process analysis is not necessary here where the State simply failed to establish a willful and substantial violation of either provision because neither requires registration after license reinstatement.