CASANUEVA, Judge.
Jay Johnson challenges the order of the trial court summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion Johnson claimed that the habitual offender sentences imposed upon violation of community control in two circuit court cases are illegal because he was not initially sentenced as a habitual offender. We agree, and we reverse and remand for resentencing.
The attachments to the trial court’s order indicate that in November 1994 Johnson admitted violating probation in circuit court case number 93-12094, a grand theft case, and that he also entered a plea in circuit court case number 94-2200, a robbery with a deadly weapon case. The trial court sentenced Johnson in the robbery case as a habitual offender to two years’ community control followed by five years’ probation with a suspended sentence of life imprisonment. In the grand theft case, the trial court sentenced Johnson to two years’ community control with a three-and-one-half-year suspended prison sentence. The sentences were not imposed pursuant to a plea bargain. In April 1995 Johnson was eventually sentenced, upon revocation of community control, to life imprisonment in the robbery case. The attachments to the trial court’s order do not indicate what sentence was imposed in the grand theft case upon revocation of Johnson’s community control in that case. However, Johnson’s motion primarily goes to the robbery case, and we assume that the sentence in the grand theft case has expired.[1]
As noted, Johnson claimed that the sentences imposed upon revocation of community control are illegal because the trial court did not initially impose habitual offender sentences. The trial court denied the motion, finding that Johnson had already raised this issue in a motion for postconviction relief filed in October 1997. However, at that time the trial court did not have the benefit of Pankhurst v. State, 796 So.2d 618 (Fla. 2d DCA 2001),[2] wherein Pankhurst alleged in a rule 3.800(a) motion that his prison sentence as a habitual offender was illegal because his initial sentence of probation was not a habitual offender sentence even though the trial court pronounced it to be such. This court agreed, holding that a habitual offender sentence must be a term of years up to the statutory maximum but not more lenient than the recommended sentence under the sentencing guidelines. We stated that “a term of probation is more lenient than a term of years and is, therefore, not an authorized habitual offender sentence.” Id. at 620. Clearly, a community control *766 sentence is also not a term of years. The fact that the trial court imposed a suspended prison sentence is of no import since, if he had successfully completed community control and probation, Johnson would never have served any prison time. Thus we determine that Johnson was not initially sentenced as a habitual offender, and the sentence of life in prison imposed upon revocation of probation is an illegal sentence.[3] We therefore reverse the order of the trial court and remand for resentenc-ing within the guidelines.
Reversed and remanded.
WHATLEY and SALCINES, JJ., Concur.

. If the sentence in the grand theft has not expired, then Johnson must be resentenced on that case also.

. Although a defendant, in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), is generally not entitled to successive review of a specific issue that has already been decided against him, a change in the law may justify reconsideration of an issue previously raised. See Crotts v. State, 795 So.2d 1020 (Fla. 2d DCA 2001).

. If Johnson had been sentenced to community control as a habitual offender pursuant to plea negotiations with the State, the sentence would not be illegal. See Lett v. State, 805 So.2d 950 (Fla. 2d DCA 2001).