SILBERMAN, Judge.
Arthur Belton appeals the order denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He claims that his suspended sentence and placement on community control and probation was not a habitual offender sentence and, therefore, he could not be sentenced as a habitual offender upon revocation of his community control. We agree.
In 1994, a jury convicted Belton of delivery of cocaine. The trial court sentenced Belton as a habitual felony offender to thirty years in prison, suspended the sentence, and placed Belton on community control for two years followed by two years on probation. Following revocation of his community control, Belton was sentenced as a habitual felony offender to thirty years in prison.
A community control sentence is not a term of years and is, therefore, not an authorized habitual offender sentence. Johnson v. State, 807 So.2d 764, 765-66 (Fla. 2d DCA 2002). The fact that the trial court imposed a suspended prison sentence is of no import. Id. at 766. The habitual offender sentence imposed upon revocation of community control is illegal. Id. We therefore reverse and remand for resentencing within the guidelines.
We affirm Belton’s remaining claims without comment.
Affirmed in part, reversed in part and remanded.
GREEN and DAVIS, JJ., Concur.