866 So.2d 132 (2004)
STATE of Florida, Appellant,
v.
Redford Eugene MOUNCE, Appellee.
Nos. 5D03-1126, 5D03-1127.
District Court of Appeal of Florida, Fifth District.
February 13, 2004.
*133 Charles J. Crist, Jr., Attorney General, Tallahassee, and Patrick W. Krechowski and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellee.
SHARP, W., J.
The state appeals from orders in two cases,[1] which dismissed charges filed against Mounce for failure to register with the Department of Motor Vehicles pursuant to section 943.0435(4) as a sexual offender. Both cases turn on the proper interpretation of section 943.0435(4) as to whether Mounce was required to re-register as a sexual offender when he changed his residence because his license was not then subject to renewal. We reverse.
Section 943.0435 provides in part:
(2) A sexual offender shall:
(a) Report in person at an office of the department, or at the sheriff's office in the county in which the offender establishes or maintains a permanent or temporary residence, within 48 hours after establishing permanent or temporary residence in this state or within 48 hours after being released from the custody, control, or supervision of the Department of Corrections or from the custody of a private correctional facility. Any change in the sexual offender's permanent or temporary residence or name, after the sexual offender reports in person at an office of the department or at the sheriff's office, shall be accomplished in the manner provided in subsections (4), (7), and (8).

(3) Within 48 hours after the report required under subsection (2), a sexual offender shall report in person at a driver's license office of the Department of Highway Safety and Motor Vehicles, unless a driver's license or identification card was previously secured or updated under s. 944.607(9). At the driver's license office the sexual offender shall:
(a) If otherwise qualified, secure a Florida driver's license, renew a Florida driver's license, or secure an identification *134 card. The sexual offender shall identify himself or herself as a sexual offender who is required to comply with this section and shall provide proof that the sexual offender reported as required in subsection (2). The sexual offender shall provide any of the information specified in subsection (2), if requested. The sexual offender shall submit to the taking of a photograph for use in issuing a driver's license, renewed license, or identification card, and for use by the department in maintaining current records of sexual offenders.

* * *
(4) Each time a sexual offender's driver's license or identification card is subject to renewal, and within 48 hours after any change in the offender's permanent or temporary residence or change in the offender's name by reason of marriage or other legal process, the offender shall report in person to a driver's license office, and shall be subject to the requirements specified in subsection (3). The Department of Highway Safety and Motor Vehicles shall forward to the department all photographs and information provided by sexual offenders.... (emphasis added)
The trial judge concluded that Mounce originally registered as a sex offender, pursuant to section 943.0435 and that when he changed his residence at a time when his driver's license was not subject to renewal, he was not required to re-register under the statute. The judge read the provisions of subsection (4) quoted above, as using the conjunction "and" to mean that both events, the change of residence and a renewal of a driving license, must occur in order to trigger the registration requirement under the statute. He noted that the rule of lenity[2] should be applied in this case to read the statute in a manner most favorably to the accused.
The state questions whether the rule of lenity should apply in this case, because section 943.0435 is a "civil" statute, only mandating registration. We reject that view, because the consequence of failure to register under the statute is not simply imposition of a civil penalty, but conviction of a third degree felony.[3] However, use of the rule of lenity should not prevail if an interpretation favoring the accused adversely affects the efficacy of the statute and appears contrary to legislative intent.[4]
It has often been noted that "and" sometimes can mean "or" (or vice versa) in the sense of allowing an alternative event to suffice, or in the sense of mandating a conjunctive event coincide with another.[5] English grammar being what it is, the meaning of "and" and "or" sometimes is not precise and clear. Language is more of an art than a science.
*135 In order to arrive at a proper construction of a statute, the court must look at various factors, including legislative intent and the statutory scheme as a whole and adopt the interpretation most likely to comply with legislative intent and fulfill the purpose of the statute.[6]
Section 943.0435(12) sets forth the Legislature's intent behind the registration requirements for sexual offenders:
(12) The Legislature finds that sexual offenders, especially those who have committed offenses against minors, often pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment and that protection of the public from sexual offenders is a paramount government interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. Releasing information concerning sexual offenders to law enforcement agencies and to persons who request such information, and the release of such information to the public by a law enforcement agency or public agency, will further the governmental interests of public safety. The designation of a person as a sexual offender is not a sentence or a punishment but is simply the status of the offender which is the result of a conviction for having committed certain crimes.
In order to protect the public, the Legislature established a system of registration for sexual offenders so that the public and law enforcement agencies can keep track of sexual offenders' residences and possibly prevent future sex crimes from being perpetrated. If a sexual offender were only required to register a change of residency when that person's driver's license was renewed, and a change of residence coincided, there could be gaps in time in which a sexual offender's change of residence was not reported. This interpretation would weaken the effectiveness of the registration requirements and make it more difficult to quickly locate sexual offenders residing in Florida.
Further, this interpretation of the statute is in conflict with section (2)(a) of the same statute. That provision provides:
Any change in the sexual offender's permanent or temporary residence or name, after the sexual offender reports in person at an office of the department or at the sheriff's office, shall be accomplished in the manner provided in subsections (4), (7) and (8) .... (emphasis added)
This subsection says nothing about renewal of a license and refers one to subsection (4) for the manner of registering only. If "and" in subsection (4) does not mean "or" in the alternative, it is in conflict with subsection (2).
Both Mounce and the trial court rely on Jackson v. State, 807 So.2d 684 (Fla. 2d DCA 2001) as authority for a "conjunctive" interpretation of "and" as used in this statute. However, we do not read that case as addressing this issue. In Jackson, the court held that registration under the quoted provision was not required in that case because Jackson's driver's license had not been "renewed" when it was reinstated, after a payment of a traffic fine.
We find Grumet v. State, 771 So.2d 39 (Fla. 4th DCA 2000), rev. denied, 790 So.2d 1103 (Fla.2001) more on point. In that case, Grumet's probation was revoked for having failed to register under section 943.0435(4). Grumet had changed his residence *136 to Coral Springs, but had not registered there with the Department within 48 hours. In fact, he had been living there for a month without registering, at the time the revocation affidavit was filed, and he still had not registered at the time of the revocation hearing, two months later. Grumet did not argue that he was not required to register because his driver's license was not subject to renewal under the statute and the issue of revocation turned solely on his failure to register within 48 hours after changing his residence. The court held that a substantial violation had been established, but remanded to clarify whether the trial judge found the failure to register was "willful." But the clear inference of the court's decision is that change of residence alone is sufficient to trigger the registration requirements of the statute. See also Giorgetti v. State, 821 So.2d 417 (Fla. 4th DCA 2002), rev. granted, 837 So.2d 412 (Fla. 2003).
REVERSED and REMANDED.
MONACO, J., and SMITH, M.T., Associate Judge, concur.
NOTES
[1] We consolidated the appeals from the proceedings in the lower court: case numbers 2002-CF-739 and 2003-CF-194.
[2] Section 775.021. Rules of Construction.

(1) The provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.
See McLaughlin v. State, 721 So.2d 1170 (Fla. 1998).
[3] Section 943.0435(9) provides:

A sexual offender who does not comply with the requirements of this section commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[4] State v. Webb, 398 So.2d 820 (Fla.1981).
[5] See discussion of cases in Winemiller v. Feddish, 568 So.2d 483, 484-485 (Fla. 4th DCA 1990).
[6] See State v. Webb, 398 So.2d 820 (Fla.1981); Byte International Corp. v. Maurice Gusman Residuary Trust, 629 So.2d 191 (Fla. 3d DCA 1993); Winemiller.