STEVENSON, J.
 

 When Anthony Green was charged with five new criminal offenses, the trial court, following a hearing, revoked his probation and sentenced him to 180 months in prison. We affirm the revocation, but remand for the entry of an order of revocation that lists only the three charges proven by the State.
 

 In 1999, Green pleaded no contest to robbery with a firearm, and the trial court sentenced him to fifteen years of probation. On June 5, 2008, an affidavit of violation of probation was filed, alleging that Green had violated his probation by resisting an officer with violence, tampering with evidence, battering a law enforcement officer, possessing cocaine, and possessing narcotics equipment. These charges arose from an incident on June 2, 2008, when a road patrol officer in Boyn-ton Beach noticed a silver Saturn run a red light at 1:30 a.m. The officer attempted to make a traffic stop; however, instead of stopping, the Saturn slowed down to approximately five miles per hour and turned left onto another road. Finally, the Saturn stopped, and Green emerged. The officer initiated a felony stop, and Green apologized for not stopping sooner, explaining he had not seen the patrol car. When asked to place his hands on his head, Green fled. When the officer caught him, he observed Green fiddling with something in the bushes. Two additional officers arrived to provide assistance, and Green struggled with them and hit one in
 
 *821
 
 the head before being placed under arrest. One of these officers recovered a bag of cocaine and Green’s cell phone from the nearby bushes.
 

 After a revocation hearing, the trial court determined the State had satisfied the court’s conscience by a greater weight of the evidence that Green willfully and substantially violated his probation.
 
 See Jenkins v. State,
 
 96B So.2d 311, 313 (Fla. 4th DCA 2007) (“ ‘[A] violation which triggers a revocation of probation must be both willful and substantial, and the willful and substantial nature of the violation must be supported by the greater weight of the evidence.’ ” (quoting
 
 Steiner v. State,
 
 604 So.2d 1265, 1267 (Fla. 4th DCA 1992))). “ ‘The determination of whether a violation of probation is willful and substantial is a question of fact and will not be overturned on appeal unless the record shows that there is no evidence to support it.’ ”
 
 Jenkins,
 
 963 So.2d at 313 (quoting
 
 Davis v. State,
 
 796 So.2d 1222, 1225 (Fla. 4th DCA 2001)).
 

 On appeal, Green contends the State failed to prove the allegations of tampering with evidence and possession of narcotics equipment. On this first point we agree, and the State does not argue otherwise in its answer brief. Green further avers that the remaining findings that he possessed cocaine, battered a law enforcement officer, and resisted an officer with violence, standing alone, would be insufficient to constitute a willful, substantial, and material violation warranting probation revocation and a maximum sentence. On Green’s second point, we cannot agree.
 

 In
 
 Jackson v. State,
 
 807 So.2d 684 (Fla. 2d DCA 2001), the appellate court concluded the State had proven only two out of the three alleged violations by a preponderance of the evidence.
 
 Id.
 
 at 685. That court nonetheless affirmed the revocation of probation and sentence because the record left no question that the trial court would have revoked Jackson’s probation for any one of the three violations.
 
 Id.
 
 However, it also ordered the trial court to strike from the revocation order the violation that lacked sufficient proof.
 
 Id.
 
 at 686. Upon consideration of the entire record in the instant case, we are confident the trial court would have revoked Green’s probation based on the three sufficiently proven charges and would have imposed the same sentence.
 

 We note, however, that the record in the instant case is devoid of an order revoking probation.
 
 Dawkins v. State,
 
 936 So.2d 710 (Fla. 2d DCA 2006), involved a similar situation and explained that an appellate court can either “relinquishf] jurisdiction to the trial court by nonpublished order to enter an order of revocation” or, alternatively, require the order of revocation be entered on remand from the appellate court.
 
 Id.
 
 at 712 (citing
 
 Dolinger v. State,
 
 779 So.2d 419, 420-21 (Fla. 2d DCA 2000), which remanded for entry of a written order of revocation where record clearly showed trial court had revoked appellant’s probation but neglected to enter a written order). Because the record in the instant case clearly reflects the trial court revoked Green’s probation, we follow
 
 Dolinger
 
 and remand with directions for the trial court to enter an order of revocation in accordance with Florida Rule of Criminal Procedure 3.995. On remand, pursuant to
 
 Jackson,
 
 the order of revocation should reflect only the three charges proven by the State.
 

 Revocation affirmed, remanded for entry of revocation order consistent with this opinion.
 

 POLEN and GERBER, JJ., concur.