STEVENSON, J.
 

 In this case, the State filed an Affidavit of Violation of Probation, charging that Steven Mata violated his probation as follows: committing the criminal offense of leaving the scene of an accident without giving information (count I); failure to report a crash (count II); reckless driving (count III); failing to have a valid driver’s license (count IV); driving with a suspended license (count V); failure to provide proof of insurance (count VI); and failure to remove an obstructing vehicle (count VII). At the conclusion of the VOP hearing, the trial court dismissed count V, as the State failed to present any evidence that the defendant’s license was suspended, found the defendant guilty of the remaining violations, and revoked Mata’s probation. In this appeal, Mata challenges the sufficiency of the evidence (point I), claims that the trial court abused its discretion by relying upon uncharged misconduct, i.e., the theft of a cell phone, in revoking probation (point II), and asserts the trial court erred by failing to enter a written order of revocation (point III). We affirm the revocation of Mata’s probation, writing only to address the arguments raised in points I and III.
 

 At the VOP hearing, Janet Raether testified that she was driving westbound on 1-595 when she was struck by another vehicle. After the collision, Raether observed a black SUV on the exit ramp and a green Honda, which had apparently gone through the fence and come to rest on
 
 *259
 
 State Road 84. According to Raether, both the SUV and the Honda were damaged and in “real bad shape.” Raether spoke to the driver of the SUV, FBI Agent Patrick Brodsky; she did not see or speak with the driver of the Honda.
 

 Paula Strong was driving on State Road 84 that evening and heard squealing tires. She pulled over and saw that a green car had come through the fence from 1-595 and was resting on State Road 84 about 100 feet behind her. The green car had body damage. A man that Strong identified as the defendant knocked on her car window and asked to use her cell phone. Strong gave the man her phone. He took the phone and fled.
 

 FBI Agent Dustin Blount, called to investigate the accident, arrived about twenty to thirty minutes after the crash. Brod-sky reported to him that the Honda had caused the accident, that the driver of the Honda exited the car and fled west on State Road 84 on foot, and that the driver failed to stop despite his calling out “police, stop.” Agent Blount testified that Brodsky “made an identification of the defendant.” The driver of the green Honda was not on the scene and not found that evening. Agent Blount testified, however, that they found a cell phone in the car, that the phone rang on the evening of the accident, that agents answered the phone and that the caller was David Mata, the defendant’s brother. According to Blount, he later spoke with the defendant and the defendant inquired as to whether he could get his phone back. Finally, Agent Blount testified, without any objection, that agents spoke to the green Honda’s registered owner, Melissa Conroy, and that Conroy reported that the defendant’s brother had called and told her the defendant had taken the car and been in an accident.
 

 To sustain a violation of probation, the State must prove, by a preponderance of the evidence, that the defendant willfully and substantially violated the terms of his probation.
 
 See, e.g., Limbaugh v. State,
 
 16 So.3d 954, 955 (Fla. 5th DCA 2009). In meeting this burden, the State may rely upon hearsay testimony, but hearsay alone is insufficient to sustain a revocation of probation.
 
 See, e.g., Smith-Curles v. State,
 
 24 So.3d 702, 702-03 (Fla. 1st DCA 2009). The non-hearsay evidence, however, need not independently establish the violation.
 
 See Russell v. State,
 
 982 So.2d 642, 646 (Fla.),
 
 cert. denied,
 
 — U.S. -, 129 S.Ct. 272, 172 L.Ed.2d 201 (2008). Rather, the non-hearsay evidence “need only support the hearsay evidence.”
 
 Kalmbach v. State,
 
 988 So.2d 1279, 1280 (Fla. 5th DCA 2008).
 

 Each of the six violations Mata was found guilty of required that the State prove he was the driver of the green Honda. Mata insists that the evidence offered by the State was insufficient to establish such fact because (1) Raether, the driver who was struck, did not see the driver of the green Honda; (2) Strong identified the defendant only as the man who knocked on her car window; and (3) while Agent Blount did provide hearsay testimony that Agent Brodsky identified the defendant, he did not expressly testify that Brodsky identified the defendant as the driver of the green Honda. Addressing the latter of these arguments first, when Agent Blount’s testimony concerning Brodsky’s identification of the defendant is considered in context, it is clear that he was stating that Brodsky identified the defendant as the driver of the green Honda. The combination of Strong’s testimony and Agent Blount’s hearsay testimony that the defendant was the driver of the green Honda and fled, on foot, toward State Road 84 is sufficient to establish, by a
 
 *260
 
 preponderance of the evidence, that the defendant was, in fact, the driver of the green Honda.
 

 Next, Mata asserts that the evidence was wholly insufficient to establish count III, charging reckless driving, as there was no evidence that he was driving with a willful and wanton disregard for the safety of persons and property; to establish count IV, driving without a valid driver’s license, as there was no evidence that he did not have a valid driver’s license; and to establish count VII, charging the failure to remove an obstructing vehicle, as there was no evidence that the green Honda was obstructing the flow of traffic. Each of Mata’s arguments is well-taken as there was no evidence that he committed these violations.
 

 Despite our conclusion that a finding of guilt as to counts III, IV, and VII cannot be sustained, we nonetheless affirm the trial court’s decision to revoke Mata’s probation and the sentence imposed as it is clear from the record that the trial court would have revoked probation and imposed the same sentence based solely upon the remaining counts, i.e., counts I, II, and VI.
 
 [1]
 

 See, e.g., Green v. State,
 
 23 So.3d 820, 821 (Fla. 4th DCA 2009);
 
 Green v. State,
 
 19 So.3d 449, 450 (Fla. 2d DCA 2009). As asserted by Mata in point III, remand is nonetheless required so that the trial court may enter a written order of revocation specifying the conditions violated.
 
 See, e.g., Green,
 
 23 So.3d at 821;
 
 Watts v. State,
 
 688 So.2d 1018 (Fla. 4th DCA 1997). The order of revocation entered on remand should specify that the revocation is predicated solely upon the three remaining charges, i.e., counts I, II, and VI.
 

 Affirmed in part; Reversed in part; and Remanded.
 

 WARNER and POLEN, JJ., concur.
 

 [1]
 

 . Apart from claiming that the evidence was insufficient to establish that he was the driver of the green Honda, Mata has not otherwise challenged the sufficiency of the evidence as to counts I, II, and VI.