PER CURIAM.
Mr. Boyer appeals the trial court’s March 18, 2009, Order revoking his probation for violation of two probation conditions. The trial court found that Mr. Boyer violated conditions two and four of his probation. Probation condition two required that Mr. Boyer not change his residence or employment or leave the county of his residence without first procuring the consent of his probation officer. Probation condition four required that Mr. Boyer live without violating any law.
We affirm without comment the trial court’s finding that Mr. Boyer violated condition four by committing a new law violation. However, we hold that the trial court improperly found that Mr. Boyer willfully violated condition two. See Williams v. State, 896 So.2d 805, 806 (Fla. 4th DCA 2005); Thomas v. State, 672 So.2d 587, 589 (Fla. 4th DCA 1996).
Because it is clear from the record that the trial court would have revoked Mr. Boyer’s probation based solely upon his violation of condition four, we affirm the revocation of Mr. Boyer’s probation. See Mata v. State, 31 So.3d 257, 260 (Fla. 4th DCA 2010) (affirming revocation of probation where record was clear that trial court would have revoked probation based solely upon the counts properly proven); Jackson v. State, 807 So.2d 684, 685 (Fla. 2d DCA 2001). However, we remand with instructions to the trial court to strike violation of condition two from the Order. See Cherington v. State, 24 So.3d 658, 661 (Fla. 2d DCA 2009); Jackson v. State, 807 So.2d at 686.
AFFIRMED and REMANDED with Instructions.
KAHN, ROWE, and MARSTILLER, JJ., concur.