DAMOORGIAN, J.
 

 Defendant, Rolando Barrueta, appeals the revocation of his probation and his judgment and sentence on Count I — trafficking in an amount of 400 grams or more of cocaine, and Count II — conspiracy to traffic in an amount of 400 grams or more of cocaine.
 

 On appeal, Barrueta first argues that the trial court erred in denying his motion to dismiss the allegations of probation violation. Second, he avers that the trial court erred in sentencing him on Count II. Third, Barrueta contends that the trial court failed to enter a written order accurately reflecting its findings that he violated his probation. As to this third point, while Barrueta acknowledges that the court’s findings are reflected in the court status sheet,
 
 [1]
 
 he avers that with respect to the first violation charged, the status sheet does not indicate that he was found guilty of only the lesser violation of possession of cocaine in excess of ten grams and not the more serious violation of armed trafficking of cocaine originally alleged in the violation of probation warrant.
 

 Finding no merit to Barrueta’s first argument, we affirm without discussion the revocation of probation and the judgment and sentence on Count I — trafficking in cocaine. However, as to Count II, Barrue-ta is correct that the warrant did not allege a violation of probation as to Count II. Therefore, we reverse the trial court’s revocation of probation and his judgment and sentence on Count II — conspiracy to traffic.
 
 [2]
 

 See Baker v. State,
 
 760 So.2d 1115, 1116 (Fla. 4th DCA 2000) (holding that trial court erred in revoking community control where “affidavit and warrant appearing in the record do not charge the substantive violation” for which defendant’s probation was revoked);
 
 see also Howard v. State,
 
 888 So.2d 879, 880 (Fla. 4th DCA 2004);
 
 Nagel v. State,
 
 758 So.2d 1206, 1208 (Fla. 4th DCA 2000). We also remand with directions for the trial court to enter a formal written order of revocation of probation in accordance with Florida Rule of Criminal Procedure 3.995, specifying which allegations Barrueta was found guilty of, including lesser violations, and which allegations were dismissed.
 
 See Green v. State,
 
 23 So.3d 820, 821 (Fla. 4th DCA 2009) (affirming revocation, but remanding for entry of a written order of revocation).
 

 Affirmed in Part, Reversed in Part and Remanded.
 

 MAY and CONNER, JJ., concur.
 

 [1]
 

 . Barrueta was charged with five violations of probation in the warrant. The status sheet reflects that Barrueta was found guilty of allegations 1, 3 & 4, but allegations 2 & 5 were dismissed. It does not specify that Barrueta was found guilty of a lesser violation on the first allegation in the warrant.
 

 [2]
 

 . The State concedes that the judgment and sentence on Count II is in error.