[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12209
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cv-61124-MGC

KURTIS BARNES,

                                                    Petitioner-Appellant,

                        versus

FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 1, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Kurtis Barnes, a state prisoner, appeals <u>pro se</u> the district court's denial of his petition for writ of habeas corpus attacking the revocation of his probation, filed pursuant to 28 U.S.C. § 2254. In his habeas petition, Barnes raised two grounds for relief: insufficiency of the evidence and prosecutorial misconduct. The district court dismissed Barnes's habeas petition because his claims were procedurally defaulted, and alternatively, because his claims fail on the merits. Nevertheless, the district court granted a certificate of appealability ("COA") on the following issues:

1. The trial court's finding that the petitioner willfully violated his probation by being in possession of cocaine is unsupported by the record.

2. He was denied a full, fair, and adequate probation violation hearing, on the basis that the prosecution engaged in prosecutorial misconduct by bolstering the police officer's statements, which the trial court adopted.

On appeal, Barnes concedes that he failed to exhaust his claims for habeas relief in state court, and that he failed to establish cause and prejudice to overcome the resulting procedural default. However, Barnes argues that he has shown that the court's failure to address his claims would result in a fundamental miscarriage of justice based on his actual innocence. He argues that the lack of sufficient evidence and the influence of prosecutorial misconduct during his violation of

2

probation ("VOP") hearing was a fundamental miscarriage of justice. He also addresses the merits of his claim.

"When reviewing the district court's denial of a habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error." Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000). Whether a petitioner has procedurally defaulted his habeas claims is a mixed question of law and fact, which we review de novo. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

In the absence of cause and prejudice, a federal court may review a procedurally defaulted habeas claim on the merits only to remedy a fundamental miscarriage of justice. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Such a miscarriage occurs when a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496, 106 S. Ct. 2639, 2649 (1986); see also Dretke v. Haley, 541 U.S. 386, 392, 124 S. Ct. 1847, 1852 (2004). In order to establish a fundamental miscarriage of justice based on actual innocence, a petitioner must support "allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," and that establishes that "it is

more likely than not that no reasonable juror would have convicted him" of the underlying offense. Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 851, 865, 867 (1995). Here, since Barnes is challenging the revocation of his probation, as opposed to a conviction, we adapt this requirement to reflect the preponderance-of-the-evidence standard used by Florida in the probation revocation context. See, e.g., Mata v. State, 31 So. 3d 257, 259 (Fla. 4th Dist. Ct. App. 2010) ("To sustain a violation of probation, the State must prove, by a preponderance of the evidence, that the defendant willfully and substantially violated the terms of his probation."). Thus, in order to establish a fundamental miscarriage of justice, Barnes must present new evidence making it more likely than not that no reasonable fact-finder would have found by a preponderance of the evidence that he violated the conditions of his probation.

Even assuming arguendo that Barnes can show some kind of constitutional violation, he fails to establish a fundamental miscarriage of justice. The evidence he offers does not approach making it "more likely than not" that no reasonable fact-finder would have found by a preponderance of the evidence that Barnes possessed cocaine in violation of the conditions of his probation. At the heart of Barnes's claim is his insistence that there is a serious "conflict" between Detective Buckley's deposition testimony and her VOP hearing testimony. Yet, the alleged

4

conflict simply does not exist, even construing Barnes's appellate brief liberally.[1]

As she explained in both her deposition testimony and VOP hearing testimony, Detective Buckley saw Barnes throw two black objects into the apartment as the police were attempting to arrest him. "[A]t the time" that Barnes threw the objects, she "didn't know what they were." However, after retrieving the objects from the floor, she identified one of the items as a film cannister and found that it contained cocaine. Based on that knowledge, when she was recounting the story in her VOP hearing testimony, she identified one of the black objects she had seen thrown as the film cannister. While Barnes would have us believe all of this evidences a serious conflict implying perjured testimony, we conclude it does nothing of the sort. The fact that Buckley could not precisely identify the two black items she saw Barnes throw "at the time" he threw them is perfectly consistent with her statement that one of the objects thrown by Barnes was the film cannister that she found soon after. Based on this, we can discern no hint of perjured testimony.

In addition, Barnes claims that his VOP hearing was unfair because, in front of the state court judge, the state prosecutor unfavorably commented on Barnes's

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

credibility relative to that of the police officers. However, even if such a comment were inappropriate, it does nothing to suggest that Barnes was actually innocent of possessing cocaine. Consequently, Barnes's new evidence fails to establish that it is more likely than not that no reasonable fact-finder would have found by a preponderance of the evidence that he violated the conditions of his probation.

Because Barnes cannot show a fundamental miscarriage of justice would result from application of the procedural default bar, we affirm the district court's dismissal of the two claims in Barnes's § 2254 petition as procedurally defaulted.

**AFFIRMED.**