DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORRIS COLEMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-644

[August 22, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 11-20190CF10A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The state filed an affidavit alleging eleven counts of appellant's having violated his probation. Three of the counts related to failure to pay restitution and costs (counts 1-3), six counts related to fleeing from the police in a car chase (counts 4-9), and two counts related to aggravated child abuse (counts 10-11). The trial court found willful and substantial violations for all of the counts except counts 1, 8, and 9. As to those counts for which the court found willful and substantial violations, the court found that the failure to pay restitution and court costs did not warrant a prison sentence (counts 2-3). However, the court found that the car chase and child abuse (counts 4-7 and 10-11) did warrant a prison sentence and sentenced appellant to twelve years in prison for the robbery offense underlying appellant's probation.

We affirm the order revoking appellant's probation and imposing sentence. However, we remand with instructions for the trial court to strike the violations for failure to pay restitution and court costs because the record does not demonstrate that appellant had the ability to pay those costs. *See Del Valle v. State*, 80 So. 3d 999, 1011 (Fla. 2011); *Allen v.*

*State*, 464 So. 2d 256, 256 (Fla. 4th DCA 1985). Because the trial court expressly stated that the violation for those two counts did not warrant a prison sentence and that its sentence was based on the other violations, "it is clear from the record that the trial court would have revoked probation and imposed the same sentence based solely upon the remaining counts . . . ." *Mata v. State*, 31 So. 3d 257, 260 (Fla. 4th DCA 2010). Therefore, we affirm the order revoking probation but remand for the trial court to strike its findings of violations for counts 2 and 3.

*Affirmed and remanded.*

LEVINE, FORST, JJ., and ARTAU, EDWARD L., Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2