# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D21-3193

_____

CORDARYL DION GROSS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John F. Simon, Jr., Judge.

September 21, 2022

PER CURIAM.

Appellant, Cordaryl Dion Gross, appeals his judgment and sentence for felony battery that was entered after the trial court revoked his probation. We reject without further comment Appellant's argument that the trial court erred in finding that he violated Condition 5 and Special Condition 8 of his probation. However, we agree with Appellant that the trial court erred in finding that he violated Condition 3 by changing his residence without the consent of his probation officer. The State's evidence that Appellant was not home on two occasions when the officer visited, along with the hearsay testimony of the mother of

Appellant's child that she had not seen him in a month-and-a-half, was insufficient to prove that Appellant changed his residence. *See Berg v. State*, 327 So. 3d 944, 945–46 (Fla. 1st DCA 2021) ("The trial court found that Appellant violated condition three of his probation by changing his residence without the consent of his probation officer. [The] . . . officer testified that she went to Appellant's listed residence and was told by Appellant's father that Appellant was not at the house, that he did not know Appellant's whereabouts, that he had a trespass injunction against [him], and that Appellant was not allowed to come back. Such hearsay alone is not sufficient to establish that Appellant changed his residence in the absence of any nonhearsay evidence to corroborate it."); *Rutland v. State*, 166 So. 3d 878, 878 (Fla. 1st DCA 2015) (noting that a "probation officer's hearsay testimony, by itself, that another person told him or her the probationer no longer lived at a residence is insufficient to support a change of residence violation" and "[n]or does it matter Appellant was not home when the probation officer came to the residence; even when coupled with hearsay testimony Appellant moved").

Nevertheless, because it is clear from the record that the trial court would have revoked Appellant's probation and imposed the same sentence without finding a violation of Condition 3, we affirm Appellant's judgment and sentence. *See Lovett v. State*, 338 So. 3d 1132, 1135 (Fla. 1st DCA 2022) (explaining that the remedy when a trial court is found to have erred in finding a probation violation depends on whether it is clear from the record that the court would have imposed the same sentence based upon the other violations); *Boyer v. State*, 39 So. 3d 374, 375 (Fla. 1st DCA 2010) ("Because it is clear from the record that the trial court would have revoked Mr. Boyer's probation based solely upon his violation of condition four, we affirm the revocation of . . . probation"). Upon remand, the trial court is instructed to strike the violation of Condition 3 from the revocation order.[*]

---

[*] As Appellant points out, while the revocation order stated that he violated Conditions 1, 2, 3, 4, 6, 7, and 8 of his probation, it is likely that the trial court intended those numbers to reflect the counts in the violation of probation affidavit, not the actual probation conditions. Upon remand, the trial court should correct

AFFIRMED and REMANDED with instructions.

LEWIS, MAKAR, and BILBREY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Tyler K. Payne, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.

---

the order to reflect the conditions, excluding Condition 3, that Appellant was found to have violated.