COBB, J.
Appellant, S.S., a child, was adjudicated guilty of simple battery, a first degree misdemeanor, and the trial court placed him on probation for an indeterminate period of time, retaining jurisdiction until the child’s 19th birthday, unless sooner released by the court. The child was 13 at the time he committed the offense. In the Anders[1] brief filed by appellant’s attorney, the public defender argues that the trial court could only retain jurisdiction for one year, the maximum sentence provided by law for the offense of simple battery. The state acknowledges that the maximum punishment for simple battery is a year, but maintains that because the trial court may terminate the probation within the statutory limits, the issue is not yet ripe for review.
Section 985.231(l)(a)l.a, Florida Statutes (1999), expressly provides that if supervision is ordered by the court, the duration of the supervision may not exceed the term for which the child could be committed, and section 985.231(l)(d), Florida Statutes (1999), establishes that any commitment of the child may not exceed the maximum term of imprisonment that an adult may serve for the same offense. As the state acknowledges, simple battery is a first degree misdemeanor with a statutory maximum punishment of one year. In D.P. v. State, 730 So.2d 414 (Fla. 5th DCA 1999), this court found that disposition orders for indeterminate periods of commitment are illegal and require reversal, even though the juvenile may have already served his time. Similarly, the fact that the trial court in this case may release appellant before one year has passed does not make the issue premature.
The state also argues that the trial court may retain jurisdiction up to the child’s 19th birthday regardless of the statutory maximum. Section 985.201(4)(a), Florida Statutes (1999), provides that notwithstanding section 985.231 (and other statutes not applicable), “when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.” Accordingly, the disposition order is reversed and remanded for entry of an order limiting the term of probation to one year or less.
REVERSED AND REMANDED.
HARRIS and GRIFFIN, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).