919 So.2d 684 (2006)
Andrew GREENE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2577.
District Court of Appeal of Florida, Second District.
February 1, 2006.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra W. Dasrat, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Andrew Greene appeals the judgment and sentence imposed upon him after he admitted to violating the terms of his probation. We affirm but remand solely for entry of a proper order revoking probation.
Mr. Greene's appellate counsel filed an Anders[1] brief; Mr. Greene did not reserve the right to appeal a dispositive issue or preserve any other matters regarding his plea and sentence. See Fla. R.App. P. 9.140(b)(2)(A)(i)-(ii). Mr. Greene's admission to the violation of probation was voluntary and informed. His sentence was lawful. The trial court filed a judgment and sentence stating that it revoked Mr. Greene's probation. The trial court did not enter a separate order of revocation identifying the conditions of probation that Mr. Greene violated.
*685 Generally, we will relinquish jurisdiction to the trial court for entry of an order of revocation of probation. Such an order perfects our jurisdiction. See Fla. R.App. P. 9.140(b)(1)(D); Dolinger v. State, 779 So.2d 419, 420-21 (Fla. 2d DCA 2000). A proper order of revocation will identify the specific conditions of probation violated by the defendant. Greer v. State, 831 So.2d 1261, 1262 (Fla. 2d DCA 2002).
In Mr. Greene's case, we relinquished jurisdiction to the trial court for entry of the necessary order. The trial court then entered an order noting the revocation and explaining the sentence imposed on Mr. Greene. However, the order did not identify the condition(s) violated. Despite this omission, we are able to affirm the judgment revoking Mr. Greene's probation and imposing sentence. We remand, however, solely for entry of a written revocation order specifying the condition(s) of probation that Mr. Greene violated. See Dolinger, 779 So.2d at 421; Greer, 831 So.2d at 1262; Rey v. State, 904 So.2d 566 (Fla. 4th DCA 2005); Riley v. State, 884 So.2d 1038 (Fla. 4th DCA 2004).
Affirmed; remanded with directions.
CANADY and WALLACE, JJ., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).