PER CURIAM.
In this Anders[1] appeal, we affirm the order revoking Harbeson’s probation and imposing sentence, but we remand for entry of a written order of revocation of probation specifying the conditions appellant was found to have violated. See Mills v. State, 948 So.2d 994 (Fla. 4th DCA 2007); Rey v. State, 904 So.2d 566 (Fla. 4th DCA 2005), Riley v. State, 884 So.2d 1038 (Fla. 4th DCA 2004), Anderson v. State, 879 So.2d 688 (Fla. 4th DCA 2004), Campbell v. State, 776 So.2d 1036 (Fla. 4th DCA 2001), Greene v. State, 919 So.2d 684 (Fla. 2d DCA 2006). We note that the judge specified those conditions on the record, but a written order is required to incorporate those findings.
Affirmed, but remanded.
GUNTHER, POLEN and KLEIN, JJ., concur.

. In re. Anders Briefs, 581 So.2d 149 (Fla. 1991).