WALLACE, Judge.
L.D.K. appeals the order of adjudication of delinquency and resulting dispositions for felony fleeing or attempting to elude and resisting an officer without violence. L.D.K.’s appellate counsel filed an Anders[1] brief suggesting the possibility of error in the denial of L.D.K’s motion for judgment of dismissal. Appellate counsel also suggests the possibility of disposition error. We have carefully reviewed the record and find no error concerning the first issue or the disposition ordered for the count of felony fleeing or attempting to elude. However, we do detect error in the disposition ordered for the count of resisting an officer without violence. Because this error has not been preserved, we affirm without prejudice to L.D.K’s right to file an appropriate motion for collateral relief.
On January 3, 2008, L.D.K. was adjudicated delinquent of the third-degree felony of fleeing or attempting to elude, a violation of section 316.1935, Florida Statutes (2007), and the first-degree misdemeanor of resisting an officer without violence, a violation of section 843.02, Florida Statutes (2007). On both counts, the circuit court ordered a disposition of juvenile probation *65 for a period not to exceed five years or until L.D.K.’s nineteenth birthday, whichever came first.
The disposition of juvenile probation until L.D.K.’s birthday on May 29, 2009, for the first-degree misdemeanor constitutes disposition error. The juvenile probation period “may not exceed the term for which sentence could be imposed if the child were committed for the offense.” § 985.435(5), Fla. Stat. (2007). A juvenile’s period of commitment “may not exceed the maximum term of imprisonment that an adult may serve for the same offense.” § 985.455(3). Resisting an officer without violence is a first-degree misdemeanor punishable by a term of imprisonment not exceeding one year. §§ 775.082(4)(a), Fla. Stat. (2007), 843.02. Because the circuit court placed L.D.K. on probation for a term greater than one year rather than the statutory maximum, the circuit court may have ordered an illegal disposition. See S.S. v. State, 765 So.2d 949, 950 (Fla. 5th DCA 2000).
However, we may not address this disposition error on direct appeal because L.D.K. did not preserve this issue for appellate review by objecting during the disposition hearing or by filing a motion in accordance with Florida Rule of Juvenile Procedure 8.135(b). See A.F.E. v. State, 853 So.2d 1091, 1093 (Fla. 1st DCA 2003). Accordingly, we affirm L.D.K.’s judgments and sentences without prejudice to any right he may have to file an appropriate motion for collateral relief addressing the unauthorized sentence for the count of resisting an officer without violence.
Affirmed.
NORTHCUTT, C.J., and STRINGER, J., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).