82 So.3d 1134 (2012)
J.D.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D10-5469.
District Court of Appeal of Florida, Second District.
March 7, 2012.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
*1135 Pamela Jo Bondi, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
J.D.M. appeals the trial court's adjudication and disposition orders based on the trial court's conclusion that there was sufficient evidence to support a revocation of his probation. We affirm in part and reverse in part.
For the second-degree felony of burglary of a dwelling, committed in September 2009, the trial court withheld adjudication and placed the then fifteen-year-old J.D.M. on probation for an indefinite period not to exceed his nineteenth birthday. He subsequently violated this probation twice by committing new crimes, one a third-degree felony possession of marijuana and the other a misdemeanor possession of marijuana. In each instance the trial court continued him on probation. As of June 2010, he was serving three concurrent probations for the two felonies and the misdemeanor. In September 2010, his probation officer filed an affidavit of violation of probation alleging that J.D.M. had violated two conditions of his probation: that he had committed a new law violation by possessing marijuana and that he had absconded from supervision. The trial court held a revocation hearing, found that the State had proven the violations, adjudicated J.D.M. delinquent, revoked the probations, committed him to the Department of Juvenile Justice for a term not to exceed his nineteenth birthday, and placed him in a moderate risk program. J.D.M. now appeals, raising two issues.
In his first issue, J.D.M. claims that there was insufficient evidence to revoke his probation. We find no merit in his arguments and affirm the adjudications of delinquency without further discussion.
In his second issue, J.D.M. raises errors in the trial court's disposition orders. Previously, he sought to correct these errors via a motion filed pursuant to Florida Rule of Juvenile Procedure 8.135. Although the trial court granted him partial relief, he claims that two uncorrected errors warrant reversal.
In the first uncorrected error claim, J.D.M. asserts that, given his young age, his commitment to the Department of Juvenile Justice for an indefinite period not to exceed his nineteenth birthday for the misdemeanor adjudication is error because it will exceed the term that an adult could be sentenced for the same crime. He is correct. See § 985.455(3), Fla. Stat. (2009). In L.D.K. v. State, 32 So.3d 64, 65 (Fla. 2d DCA 2009), this court considered a similar claim. There, for a first-degree misdemeanor the trial court ordered a disposition of juvenile probation "for a period not to exceed five years or until L.D.K.'s nineteenth birthday, whichever came first." Id. Recognizing that section 985.455(3) requires that a juvenile's commitment period is not to exceed "the maximum term of imprisonment that an adult may serve for the same offense," we concluded "the circuit court may have ordered an illegal disposition." L.D.K., 32 So.3d at 65. We did not reverse the dispositional order in L.D.K. because the juvenile did not preserve the error but affirmed "without prejudice to any right he may have to file an appropriate motion for collateral relief...." Id.
Here, the trial court's disposition for the first-degree misdemeanor adjudication exceeded the maximum statutory period of one year and is therefore illegal. Unlike in L.D.K., however, J.D.M. did preserve this issue by his rule 8.135 motion. We are not persuaded by the State's argument that this error is harmless because *1136 J.D.M. will still serve a probationary period of longer than a year for the concurrent felony adjudications. See A.M. ex rel. D.M. v. State, 790 So.2d 1233, 1235 (Fla. 5th DCA 2001) ("We also reject the state's argument that because [the juvenile] is serving a longer concurrent (legal) sentence in [the felony case], she is not prejudiced by an illegal sentence in this [misdemeanor] case."). There is still a potential for prejudice. Thus the dispositional order for the misdemeanor must be reversed and corrected on remand.
In the second uncorrected error claim, J.D.M. asserts that the trial court erred by failing to enter a written order of revocation of probation specifying the conditions violated. This claim also has merit, see Greene v. State, 919 So.2d 684 (Fla. 2d DCA 2006), and requires correction.
In sum, we affirm all three adjudications of delinquency and the dispositional orders for the two felony adjudications. We reverse the dispositional order on the misdemeanor adjudication and remand with instructions to correct the error regarding the duration of probation nunc pro tunc to the date of the disposition order. We also remand for rendition of a written order of revocation of probation specifying the conditions violated. See id. at 685.
Affirmed in part, reversed in part, and remanded with directions.
WALLACE and LaROSE, JJ., Concur.