KELLY, Judge.
In this consolidated appeal, L.D. challenges a disposition order adjudicating her delinquent for resisting or opposing an officer in circuit court case number 11-CJ-2722, and a disposition order finding her guilty of battery on a school employee and revoking her probation in circuit court case number 08-CJ-3491. We affirm without discussion her adjudication and the disposition order in case number 11-CJ-2722. However, we agree with L.D., and the State properly concedes, that the disposition order in case number 08-CJ-3491 must be reversed and the case remanded for further proceedings.
The disposition order in case number 08-CJ-3491 directs that L.D. be continued on probation for a term of five years. At the revocation hearing, the court pronounced a maximum period of supervision not to exceed five years or L.D.’s nineteenth birthday. Because a trial court’s written disposition must be consistent with its oral pronouncement, we reverse the disposition order and remand for entry of a corrected order that accurately reflects the court’s oral pronouncement. See N.L. v. State, 4 So.3d 1286 (Fla. 2d DCA 2009).
The disposition order also reflects that L.D.’s curfew is during daytime rather than nighttime hours (6:00 a.m.-9:00 p.m.; 6:00 a.m.-10:00 p.m.). At the revocation hearing, the court stated, “curfew is 9 p.m. Sunday through Thursday, 10 p.m. Friday and Saturday. You have permission to leave your residence in the morning at 6:00 each morning to go to work or to go to school.” On remand, the court shall correct the written disposition order to reflect the court’s oral pronouncement. See id.
Finally, the court erred by not entering a written revocation order specifying the conditions of probation L.D. violated. See Greene v. State, 919 So.2d 684 (Fla. 2d DCA 2006). Thus, upon remand, we direct the court to enter such an order.
Affirmed in part, reversed in part, and remanded with directions.
DAVIS, J., and PETERS, R. TIMOTHY, Associate Judge, Concur.