NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


B.F.H.,                              )
                                     )
          Appellant,                 )
                                     )
v.                                   )        Case No.  2D16-943
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
                                     )
_____)

Opinion filed December 28, 2016.

Appeal from the Circuit Court for Manatee
County; Scott M. Brownell, Judge.

Howard L. Dimmig, II, Public Defender, and
Kevin Briggs, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


BADALAMENTI, Judge.

        In this Anders[1] appeal, B.F.H. challenges the trial court's order

adjudicating him delinquent and placing him on probation.  We affirm in all respects.

        We note that B.F.H.'s appellate counsel suggests in the Anders brief the

possibility of an inconsistency between the trial court's oral pronouncement withholding

---

[1]Anders v. California, 386 U.S. 738 (1967).

adjudication and the trial court's written disposition order instead adjudicating B.F.H. delinquent. We do not reach this issue because B.F.H. neglected to preserve this issue for appeal by filing a motion to correct disposition order pursuant to Florida Rule of Juvenile Procedure 8.135(b). See M.N. v. State, 16 So. 3d 280, 281 n.1 (Fla. 2d DCA 2009) (en banc) (refusing in a juvenile Anders appeal to correct a disposition order error where juvenile failed to preserve the issue for appeal by filing a rule 8.135(b) motion with the trial court (citing L.D.K. v. State, 32 So. 3d 64, 65 (Fla. 2d DCA 2009))).

That said, we affirm without prejudice to any right B.F.H. might have to file a motion to correct disposition order pursuant to Florida Rule of Juvenile Procedure 8.135(a) with the trial court. See C.M.B. v. State, 952 So. 2d 1207, 1208 (Fla. 2d DCA 2007).

Affirmed.

CASANUEVA and MORRIS, JJ., Concur.