779 So.2d 419 (2000)
Peter B. DOLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1588.
District Court of Appeal of Florida, Second District.
October 4, 2000.
Rehearing Denied November 14, 2000.
*420 Peter B. Dolinger, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Peter Dolinger challenges his conviction and sentence for possession of cocaine. Dolinger's offense was committed on February 20, 1997. On November 5, 1997, Dolinger entered into a plea agreement under which adjudication was withheld and a sentence of 18 months' drug probation was imposed. A series of four affidavits of probation violations was filed between April 16 and November 28, 1998. Dolinger admitted the violations alleged in the first and second affidavits, and probationary sentences were again imposed. On December 17, 1998, after he admitted to allegations set forth in the third and fourth affidavits, Dolinger's probation was finally revoked, and he was sentenced to 27 months' imprisonment. One month later, Dolinger filed a pro se motion to withdraw his original plea, alleging that counsel's misadvice concerning potential gain time rendered his plea involuntary. Dolinger's motion was denied as untimely pursuant to Florida Rule of Criminal Procedure 3.170.
Dolinger now appeals the denial of that motion and the sentence imposed following the revocation of his probationary sentence. He raises the following points on appeal: 1) the trial court erred in denying his motion to withdraw his plea; 2) the trial court erred by failing to enter a revocation order; 3) the trial court erred in sentencing him without a sentencing hearing; 4) his sentence is unconstitutional under the 1995 sentencing guidelines; and 5) the trial court erred in failing to give him credit for time served in Leon County. Points 2 and 4 merit reversal.

Motion to Withdraw Guilty Plea
Dolinger first contends the trial court erred in denying his motion to withdraw his guilty plea to the original charge. He argues that his motion was filed within 30 days of sentencing on his last probation violation. However, Dolinger's motion was filed pursuant to Florida Rule of Criminal Procedure 3.170 and sought to withdraw his original plea entered on November 5, 1997. Dolinger's motion is time-barred because this rule only allows a defendant to move to withdraw a plea within 30 days after rendition of a sentence. See Fla. R.Crim. P. 3.170(l). The trial court correctly reasoned that this rule applies to original pleas entered upon the initial disposition of charges, rather than admissions to subsequent probation violations. To rule otherwise would allow defendants to withdraw pleas long after having enjoyed the benefits of receiving more lenient supervisory sentences. We therefore affirm on point 1.

Revocation Order
Dolinger next complains that the trial court erred in failing to enter an order revoking his probation. While there is no formal written order, based on our review of the record, it is clear from the transcript that Dolinger admitted the alleged *421 violations, and his probation was revoked based on those admissions. Moreover, the written sentence also indicates that Dolinger's probation was revoked. Nevertheless, the trial court erred by failing to enter a written revocation order and is directed to do so on remand. See Lytle v. State, 696 So.2d 848 (Fla. 2d DCA 1997) (Anders[1] appeal remanded for entry of revocation order and determination of time served).

Sentencing Hearing
Dolinger also claims he did not receive a sentencing hearing prior to being sentenced to 27 months' imprisonment. We disagree. The record indicates that Dolinger did in fact receive a sentencing hearing at which the court discussed Dolinger's progressive pattern of criminal conduct warranting incarceration and drug rehabilitation.

Unconstitutional Sentence
Dolinger also raises a single subject challenge to his sentence imposed under the 1995 sentencing guidelines. The record indicates that Dolinger committed the original offense on February 20, 1997, and he is therefore entitled to have his sentence reconsidered pursuant to this court's ruling in Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000). See also Salters v. State, 758 So.2d 667, 669 n. 4 (Fla.2000). On remand, the trial court will confirm the date of Dolinger's offense and determine whether his sentence could not have been imposed under the 1994 guidelines without a departure. If the answer is affirmative, then Dolinger must be resentenced in accordance with the valid guidelines in existence at the time he committed his offense. If the court enters an order declaring resentencing unnecessary, it should attach all documents necessary to reach that conclusion. See Smith, 761 So.2d at 422.

Jail Credit for Time Served in Leon County
Finally, Dolinger contends the trial court erred by not giving him credit for time served in the Leon County jail when he was picked up on warrants issued in connection with the last two probation violation affidavits. The written sentence indicates that Dolinger was awarded 22 days of jail credit. While he does not specify how much, Dolinger claims he is entitled to more. We are unable to discern from this record whether the 22-day award includes time served in Leon County. If resentenced on remand, Dolinger is entitled to a determination of the proper amount of jail credit. Should the trial court determine that resentencing is not necessary, pursuant to Smith, 761 So.2d at 422, Dolinger may pursue the issue of jail credit by filing a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). See State v. Mancino, 714 So.2d 429 (Fla.1998).
Reversed in part, affirmed in part and remanded for further proceedings.
CAMPBELL, A.C.J., and PARKER, J., Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)