936 So.2d 710 (2006)
Charles Quincy DAWKINS, a/k/a Charlton Qunicy Dawkins, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2683.
District Court of Appeal of Florida, Second District.
August 11, 2006.
*711 James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Charlton Quincy Dawkins appeals the revocation of his community control and the imposition of a new sentence. Although we disapprove of the procedures used in this case, we affirm the revocation of Mr. Dawkins' community control and the sentence imposed. We conclude that there was competent, substantial evidence supporting the trial court's finding that Mr. Dawkins twice violated condition twelve of his community control. We remand for entry of an order revoking community control that reflects a revocation based only on the two violations of condition twelve and not on the other grounds orally announced by the trial court.
We describe the forms and procedures used in this case because they are common in this district and do not seem to be in accordance with the Florida Rules of Criminal Procedure. On December 8, 2004, Mr. Dawkins was charged by information with uttering a forged instrument and grand theft. He entered a written, negotiated guilty plea in exchange for a true split sentence of thirty-six months' incarceration, all of which was suspended to be served on community control followed by probation. A proper judgment, sentence, and order of community supervision were entered on this plea on January 12, 2005.
In March 2005, two affidavits of violation of community control were filed, alleging that Mr. Dawkins violated condition seven by testing positive for cocaine, condition twelve on two occasions by failing to remain confined to his residence, condition two by changing his residence without permission, and condition one by failing to account for his daily activities.
At the hearing on the violation of community control, the trial court found no willful violation of condition seven but found that Mr. Dawkins willfully violated conditions one, two, and twelve. The trial court orally revoked Mr. Dawkins' community control and sentenced him to the thirty-six months' imprisonment originally imposed in the true split sentence.
No final order revoking Mr. Dawkins' community control was entered. Instead, on April 21, 2005, the trial court entered a second judgment of conviction for the two offenses. In connection with this repetitive judgment, the trial court entered the new sentence. We suspect that this odd procedure is brought to us by the wonder of computers. It appears likely that the word processor that creates a sentence in the Thirteenth Judicial Circuit always creates a judgment at the same time. Apparently, *712 the system has not established a method to create an order of revocation in compliance with the form contained in Florida Rule of Criminal Procedure 3.995.
Without a rendered order of revocation, Mr. Dawkins appeals only his sentence. Nevertheless, the issues that he has raised on appeal are issues relating only to the revocation of probation. In this context, this court often relinquishes jurisdiction to the trial court by nonpublished order to enter an order of revocation. Occasionally, we require that the order be entered on remand from this court. See, e.g., Dolinger v. State, 779 So.2d 419 (Fla. 2d DCA 2000).
We candidly are not aware of any rule or statute that expressly permits a circuit court to enter multiple judgments of conviction for the same offense in one case. An order revoking probation (including community control) is expressly appealable under section 924.06(1)(c), Florida Statutes (2005). Without such an order in the record, at least in the absence of a transcript of the violation hearing, a criminal court file contains no document[1] demonstrating the legal authority of the trial court to impose a new sentence.
Technically, an order revoking probation is not appealable until it is rendered. When a judge renders such an order, he or she is required to inform the defendant concerning the right of appeal. See Fla. R.Crim. P. 3.670. By failing to enter an order of revocation, the trial court is leaving a case in limbo. By entering a second judgment of conviction, the trial court may be restarting the two-year period for postconviction relief under Florida Rule of Criminal Procedure 3.850. The second judgment may also create confusion in the public record as to the number of prior offenses committed by the defendant.
In this case, Mr. Dawkins has not argued that the second judgment was not adequate to serve as an order of revocation. To avoid delay and any possible prejudice to him, we treat the second judgment as a final appealable order effectively revoking probation. We disregard any procedural error or defect in the failure of the notice of appeal to challenge the order. See Fla. R.App. P. 9.040(d).
Turning to the merits of this appeal, we conclude that the trial court did not err in finding that the State proved by the greater weight of the evidence that Mr. Dawkins committed willful and substantial violations of condition twelve on two occasions by being absent from his confined residence without permission. See Glasier v. State, 849 So.2d 444, 445 (Fla. 2d DCA 2003). However, we conclude that the trial court erred in finding violations of conditions one and two.
The affidavit of violation of community control alleged that Mr. Dawkins violated condition two by "changing his residence or making himself unavailable without first procuring the consent of the probation officer." However, condition two of Mr. Dawkins' community control does not prohibit this behavior; rather, it requires him to pay $40 per month. We recognize that this allegation could have been described in the affidavit as a violation of condition three, but in light of our holding as to the two violations of condition twelve, we see no need for the trial court to correct this on remand.
The affidavit also alleged that Mr. Dawkins violated condition one by "failing to submit an hourly accounting of activities *713 on the designated daily activity log" because he failed to complete his daily activity log for the week of March 8, 2005. However, condition one only required Mr. Dawkins to make a truthful monthly report. It was not alleged that Mr. Dawkins failed to submit a monthly report, and no evidence was presented in this regard at the revocation hearing.
Because we conclude the trial court would have exercised the discretion to revoke Mr. Dawkins' community control based solely on the two violations of condition twelve, we affirm the revocation of community control and the new sentence. We reverse the second judgment and remand for proper entry of an order of revocation.
Affirmed in part, reversed in part, and remanded with instructions.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] We are aware that the trial court file often contains a "case progress report" prepared by the clerk that reflects such events, but we doubt that this report is sufficient to support a new sentence that may send a defendant to prison for many years.