940 So.2d 530 (2006)
Pisces Antwain SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3414.
District Court of Appeal of Florida, Second District.
October 25, 2006.
*531 James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Pisces Smith appeals the revocation of his probation following an evidentiary hearing. We affirm the revocation of Smith's probation but remand to the trial court for entry of a corrected written order of revocation.
The affidavit of violation of probation that was at issue during the revocation hearing alleged that Smith had violated condition (5) of his probation by committing six new law offenses, namely trafficking in cocaine, conspiracy to traffic in cocaine, escape, driving while license suspended or revoked, obstructing an officer with violence, and giving a false name to a police officer. The affidavit also alleged that Smith violated condition (3) by moving from his approved residence and condition (9) by failing to comply with the instructions of his probation officer. At the start of the revocation hearing, the State indicated that it was not going to seek to revoke Smith's probation based on the trafficking and conspiracy offenses but that it would go forward with evidence on the remaining allegations.
At the conclusion of the evidentiary hearing, the trial court stated on the record that it was finding that Smith violated condition (5) of his probation by committing an escape, by giving a false name to a police officer, and by driving while his license was suspended. The trial court also found that Smith had violated condition (9). However, the trial court refused to find that Smith had violated condition (5) by obstructing an officer with violence or to find that Smith had violated condition (3).
Despite these specific oral findings, the written order revoking Smith's probation states that the conditions violated were "not stated." Clearly, the written order does not comport with the trial court's oral pronouncement, which did include specific findings as to specific conditions. Moreover, the written order is facially deficient because it does not set forth the conditions violated. See Singleton v. State, 633 So.2d 529, 530 (Fla. 2d DCA 1994) (noting that the written order of revocation must set forth the conditions violated). Therefore, we remand for the trial court to enter a corrected written order of revocation that specifies the conditions violated as found at the hearing.
Affirmed and remanded with instructions.
FULMER, C.J., and THREADGILL, EDWARD F., JR., Senior Judge, Concur.