PER CURIAM.
 

 James P. Moschiano appeals the revocation of an amended and reinstated term of probation and resulting sentence of five years’ incarceration for domestic violence aggravated battery, a second-degree felony. We find no merit in the first argument, that the circuit court abused its discretion in rejecting his claim that although he admitted the violation, it was not willful or substantial. However, we conclude his second argument is meritorious — that the circuit court erred by failing to render a written order of revocation. We therefore remand this case for entry of a written order of revocation which specifies the conditions that the circuit court found Mr. Moschiano had violated.
 
 See Dawkins v. State,
 
 936 So.2d 710 (Fla. 2d DCA
 
 2006)
 

 [1]
 

 ; Montonez v. State,
 
 724 So.2d 650 (Fla. 2d DCA 1999).
 

 Affirmed; remanded with instructions.
 

 CASANUEVA, DAVIS, and SILBERMAN, JJ., Concur.
 

 [1]
 

 . We note that the procedure used in this case upon a finding of violation of probation— rendering a repeat judgment of conviction instead of an order of revocation — is the same procedure used in Hillsborough County that we disapproved in
 
 Dawkins,
 
 936 So.2d at 711-12. It would behoove the circuit court to amend its procedure in violation of probation and community control cases to avoid the pitfalls and potential problems outlined there.