*1291
 
 ALTENBERND, Judge.
 

 Alvin Bernard Johnson challenges the trial court’s orders revoking his probation and sentencing him to prison terms totaling thirty years. The orders were entered at a consolidated hearing on violation of probation. In case number 99-19447, the trial court revoked his probation and sentenced Mr. Johnson to thirty years in prison. We affirm this sentence without further discussion. In case number 99-19445, he received a concurrent sentence of thirty years in prison which is illegal. We reverse and remand for entry of a proper order of revocation in each of these cases and a new sentence in case number 99-19445.
 

 In count two of case number 99-19445, Mr. Johnson was charged with attempted robbery with a firearm. In 2000, he reached a negotiated plea with the State, resulting in the entry of a judgment adjudicating him guilty of attempted robbery with a firearm and imposition of a split sentence of seven years’ imprisonment followed by eight years’ probation. After his release from prison, the State filed an affidavit of violation of probation.
 

 At the conclusion of the hearing on the alleged violations of probation in February 2008, the trial court ruled:
 

 Mr. Johnson, the Court finds that you are in violation of your conditions of probation specifically Condition 5 thereof in the matter of unlawful sexual activity with a minor and battery on a detention facility staff.
 

 I assume you’ve already been adjudicated guilty of these three offenses for which you are on probation since you already did seven years prison time. So it’s the order, judgment and sentence of the Court that you be adjudicated, that your probation be revoked, and you be confined to state prison for a term of 30 years on the second, to run concurrent with that second I’ll give you 30 with credit for any time you’ve already served.
 

 Thereafter, the trial court never entered an order of revocation of probation, despite the fact that the rules of procedure clearly specify that the trial court shall enter an order of revocation of probation after such an oral pronouncement, despite the standard form order in Florida Rule of Criminal Procedure 3.995 allowing for easy entry of such an order, and despite our opinion eighteen months earlier encouraging the judges of the Thirteenth Judicial Circuit to use the appropriate order on revocation of probation.
 
 See Dawkins v. State,
 
 936 So.2d 710 (Fla. 2d DCA 2006). Instead, the trial court entered a second “judgment” of conviction in this court file. In this second order, the trial court made a scrivener’s error and adjudicated Mr. Johnson guilty of robbery with a firearm instead of attempted robbery with a firearm. As a result, the written sentence imposing a term of thirty years’ imprisonment on this count did not appear illegal on its face.
 

 Robbery with a firearm is a first-degree felony, and the attempt to commit a first-degree felony is a second-degree felony.
 
 See
 
 §§ 777.04(4)(c), 812.13(2)(a), Fla. Stat. (1999). Thus, absent an unusually high score on a Criminal Punishment Code scoresheet, attempted robbery with a firearm is punishable by no more than fifteen years’ imprisonment.
 
 See
 
 §§ 775.082(3)(c), 777.04(4)(c), 812.13(2)(a), Fla. Stat. (1999). Accordingly, we reverse the new “judgment” entered in this case, as well as the similar “judgment” entered in case number 99-19447. On remand, the trial court shall enter orders of revocation in cases 99-19445 and 99-19447 and resentence Mr. Johnson in case number 99-19445 to a sentence not exceeding fifteen years’ imprisonment.
 

 
 *1292
 
 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and VILLANTI, JJ., Concur.