PER CURIAM.
 

 This is an Anders
 
 [1]
 
 appeal of the revocation of Wynperle’s probation in May 2008, for committing a new law violation. Independent review of the record reveals no issues of arguable merit, but we must remand for entry of a formal order of revocation of probation.
 

 We previously relinquished jurisdiction for the trial court to enter an order of revocation. What we received were judgments and sentences dated December 17, 2008, for the original offenses. While these documents indicate that Wynperle is a probation violator and that he violated the conditions stated in the attached affidavits of violation of probation, those affidavits were not attached to the judgments and sentences, although they are in the original record. However, those affidavits were filed after the revocation of Wyn-perle’s probation that is at issue in this appeal, and they list conditions different from the one that Wynperle admitted to violating in this case.
 

 A “trial court is required to enter a
 
 formal order
 
 of violation of probation that lists the specific conditions the court determined [the defendant] violated.”
 
 Cato v. State,
 
 845 So.2d 250, 251 (Fla. 2d DCA 2003). The transcript of the violation of probation hearing reflects that Wynperle admitted to violating his probation by committing a new law violation and that the trial court revoked his probation based upon that admission. We remand with
 
 *173
 
 directions that the trial court enter a formal order of revocation of probation reflecting these facts.
 
 See Dolinger v. State,
 
 779 So.2d 419, 421 (Fla. 2d DCA 2000).
 

 Affirmed but remanded with directions.
 

 WHATLEY, KELLY, and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 Anders v. California,
 
 386 XJ.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).