ON CONCESSION OF ERROR
 

 LAWSON, J.
 

 Phillip Kirk Johnson, Jr., appeals the denial of his motion to correct illegal sentence,
 
 [1]
 
 claiming that the thirty-year prison releasee reoffender
 
 [2]
 
 sentence imposed on his 2008 conviction for attempted robbery with a firearm exceeds the maximum penalty allowed by law on that charge. The State properly concedes error.
 

 Robbery with a firearm is a first-degree felony, punishable by life.
 
 See
 
 § 812.13(1),(2)(a), Fla. Stat. (2008). An attempt to commit the crime is reclassified as a second-degree felony, which carries a maximum penalty of fifteen years in state prison.
 
 See
 
 § 777.04(4)(c), Fla. Stat. (2008) and § 775.082(3)(c), Fla. Stat. (2008);
 
 see also Johnson v. State,
 
 17 So.3d 1290, 1291 (Fla. 2d DCA 2009) (“Robbery with a firearm is a first-degree felony, and the attempt to commit a first-degree felony is a second-degree felony.”). Because of Johnson’s designation as a prison re-leasee reoffender, the trial court must impose the maximum penalty of fifteen years.
 
 See
 
 § 775.082(9)(a)3.c., Fla. Stat. (2008).
 

 Additionally, the information in this case alleged that Johnson actually possessed the firearm during commission of the crime for purposes of section 775.087(2)(a), Florida Statutes (2008), which requires imposition of a ten-year minimum mandatory sentence. Because the jury found that Johnson actually possessed a firearm while committing this offense, the ten-year mandatory minimum sentence must also be imposed.
 
 Id.; McDonald v. State,
 
 957 So.2d 605, 610-12 (Fla.2007).
 

 Accordingly, we reverse the order denying Johnson’s motion and remand with instructions that Johnson be resentenced in accordance with this opinion.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 MONAGO, C.J., and SAWAYA, J., concur.
 

 [1]
 

 .
 
 See
 
 Fla. R.Crim. P. 3.800(a).
 

 [2]
 

 .
 
 See
 
 § 775.082(9), Fla. Stat. (2008).