MORRIS, Judge.
Johnny Bernard Jackson appeals the revocation of his probation and the resulting sentences for numerous counts of robbery, armed robbery, and attempted robbery. We affirm the revocation of his probation without further comment. We write only to address a scrivener’s error as well as the practice of issuing new judgment forms upon revocation of probation.
Jackson argues that remand is required for an amended revocation order clarifying exactly what lower tribunal cases were subject to revocation. Although Jackson *66 has presented more than one argument on this issue, we find that remand is required only for the trial court to add lower tribunal case number 95-94 to the order of revocation. It is clear from the record before this court that case number 95-94 was subject to the trial court’s order of revocation and was only omitted due to a scrivener’s error, which is not surprising considering the number of lower tribunal cases involved. Accordingly we remand solely for this correction.
We do take this opportunity, however, to address an issue which was discussed in this court’s opinion in Dawkins v. State, 986 So.2d 710, 712 (Fla. 2d DCA 2006). Upon revocation, the trial court in this case issued new judgment forms which were signed fifteen years after the original judgments. In Dawkins, we noted that this appears to be a procedure utilized in the Thirteenth Judicial Circuit every time a sentence is imposed upon revocation of probation. Id. at 711. We noted in Daw-kins that we were “not aware of any rule or statute that expressly permits a circuit court to enter multiple judgments of conviction for the same offense in one case.” Id. at 712.
While we have a revocation order in this case and therefore do not have the same jurisdictional problem that arose in Daw-kins, we stress that the entry of a new judgment form is superfluous and could cause undue confusion. For example, with the public record containing duplicative judgment forms entered fifteen years after the original judgments, it could be difficult to determine exactly how many offenses the defendant had committed. There is also a question as to whether the two-year period for filing a motion for postconviction relief begins anew. These concerns were fleshed out in Dawkins, but because this issue has been presented to us again, we emphasize that such duplicative judgment forms are unnecessary and should be avoided.
Affirmed and remanded with instructions.
NORTHCUTT, J., Concurs.
ALTENBERND, J., Concurs with opinion.