NORTHCUTT, Judge.
We affirm the convictions and sentences on appeal in this case with one minor exception. As pointed out in the brief filed on behalf of Carlos Fernandez pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the thirty-year sentence for home invasion robbery is the maximum allowable sentence. See §§ 812.135(2)(c); 775.082(3)(b), Fla. Stat. (2008). Therefore, we reverse the consecutive term of ten years’ probation on this count only; the probationary term will still apply to the other convictions in circuit court case number CRC09-02073CFAWS-04.
Fernandez’s appellate counsel raised that issue in a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motion, counsel also raised an issue regarding jail credit. Fernandez had entered a plea in six cases, but he was awarded differing amounts of jail credit. He received 562 days of credit in case CRC09-02073CFAWS-04 but only 92 days in the other five cases.
Both the motion and the argument on appeal contend that Fernandez was “likely” in jail on all cases for a similar period, in which case he should have received more than 92 days’ credit in five cases. Because we cannot discern from the record whether Fernandez was entitled to additional credit in these cases, we affirm on this issue without prejudice to Fernandez’s right to pursue an increase in jail credit by filing a motion under rule 3.800(a). See Dolinger v. State, 779 So.2d 419, 421 (Fla. 2d DCA 2000) (citing State v. Mancino, 714 So.2d 429 (Fla.1998), regarding defendant’s right to jail credit but rejecting claim that defendant was entitled to an unspecified increase that was not discernable from the record; allowing defendant to pursue relief after remand).
Affirmed in part; reversed in part.
CRENSHAW and BLACK, JJ., Concur.