ALTENBERND, Judge.
Joseph Bush appeals “judgments” and sentences that were entered on revocations of his probation in two cases. We dismiss *1109 this appeal as moot because Mr. Bush has fully served his sentences. We write to discuss the difficulty of providing meaningful relief in appeals from short sentences and to identify a significant problem with the standard forms that were used to revoke probation in these two cases from Pasco County.
In 2009, Mr. Bush was on probation in case numbers 04-00131-CFAWS and 05-00577-CFAWS when an affidavit of violation was filed in each case. Following an evidentiary hearing in April 2011, the trial court found that Mr. Bush had violated the conditions of his probation and sentenced him to concurrent terms of five years’ imprisonment. Mr. Bush then filed this appeal.
The State properly and candidly conceded error on one issue raised by Mr. Bush with respect to case number 05-00577-CFAWS, which could have resulted in a reversal and remand for reinstatement of Mr. Bush’s probation in that case. However, in January 2013, while this appeal was pending, Mr. Bush was released from custody by the Department of Corrections. This primarily occurred because Mr. Bush had more than one thousand days of jail credit when the sentences were imposed. Thus, with jail credit and gain time, he had fully served his sentences in both cases before the end of January 2013. As a result, this court suspected that it could afford no meaningful relief to Mr. Bush.
This court ordered Mr. Bush’s counsel, Richard J. Sanders, to respond as to whether the issues raised in this appeal had become moot. Mr. Sanders is an experienced and respected assistant public defender who admitted that the case was moot. In his response, he commented that, from his twenty-nine years of experience, this problem was not uncommon. As he explained, an appellant with a short “net” sentence can rarely perfect an appeal of a sentencing issue before the sentence has been fully served. Mr. Sanders recognized that a solution to this problem would require some type of expedited proceeding that may be difficult to implement.
Although it is true that such a solution might be difficult to implement, it may be that the State and the defendant could occasionally stipulate to an immediate relinquishment to the trial court to correct such errors. Given that defendants should be entitled to more than mere procedural due process in appeals of sentencing issues, this court would be open to any method that the State and the public defenders might devise to address such sentencing errors, so long as it does not significantly delay the disposition of other cases.
We now turn to the significant problem in the standard forms that were used by the trial court. In both of these cases, the trial court used a form judgment that may be unique to Pasco County. The form deviates from the supreme court’s approved forms in Florida Rules of Criminal Procedure 3.986(b), 3.986(d), and 3.995. The form judgment has a location where it can be checked for use at a hearing on a violation of probation or community control, a retrial, or a resentencing. Below the standard section in which the defendant is either adjudicated guilty or has guilt withheld, the form has an additional line that states: “_The Court finds that the defendant violated all the conditions alleged in the affidavit, a copy of which is attached.”[1] This is the box that was checked on both of the judgments on appeal. The trial court never entered an *1110 order of revocation similar to the form appearing in rule 3.995.[2]
This form, especially as used in this case, creates several problems. First, it causes multiple judgments of guilt to be entered in a single ease. This court has previously explained that a violation of probation concerning a defendant who has already been adjudicated guilty should not be resolved by the entry of another judgment of guilt. See Johnson v. State, 17 So.3d 1290 (Fla. 2d DCA 2009).
Second, the language of the order merely finds that the “defendant violated all of the conditions alleged in the affidavit.” Putting aside the problem a trial court would have using this form in a case like this one where at least one violation was not proven, this language does not actually revoke probation. Obviously, it is common for defendants to be found in violation of probation and not have their probation revoked.[3] If the trial court had revoked probation on the record in open court, we would be less concerned in this case. But the record reflects that the trial court only found violations of probation; the court never actually revoked Mr. Bush’s probation. In the absence of written revocation orders, the trial court had no authority to enter new sentences of imprisonment. See Dawkins v. State, 936 So.2d 710, 712 (Fla. 2d DCA 2006).
On return of this record to the trial court, we would encourage the trial court to examine carefully the forms that are currently in use to address both violations of probation that do not result in revocation and those that do.
Appeal dismissed as moot.

. Although the affidavits of violation are in the record on appeal, they were not actually attached to the judgments as represented.

.This court often relinquishes jurisdiction to the trial court by nonpublished order to enter an order of revocation when the issues raised in an appeal involve the revocation of a defendant’s probation or community control and a written revocation order has not been rendered by the trial court. See Dawkins v. State, 936 So.2d 710, 712 (Fla. 2d DCA 2006). In rare instances, we treat a second judgment as a final appealable order effectively revoking probation. Id. at 712. Occasionally, we require that the order be entered on remand from this court. See, e.g., Dolinger v. State, 779 So.2d 419 (Fla. 2d DCA 2000). Because the issues raised in this appeal were rendered moot by Mr. Bush's completion of his sentences and his release from the custody of the Department of Corrections, we declined to issue an order relinquishing jurisdiction and in this opinion we have not remanded this matter for the entry of proper revocation orders.

. Indeed, in 2005, Mr. Bush violated the conditions of his probation in both cases. He negotiated a plea concerning the violations that contemplated a modification of his probation in each case rather than a revocation. At that time, the trial court simply entered another standard order of probation in each case that adjudged Mr. Bush guilty of the "offense.” Thus, in this record he has six judgments of guilt when he is supposed to have only two.