NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AUBREY ALVINCENT PIERCE,　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　Case No. 2D13-5504
　　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　Appellee.　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)

Opinion filed November 14, 2014.

Appeal from the Circuit Court for
Hillsborough County; Gregory P. Holder,
Judge.

Howard L. Dimmig, II, Public Defender,
and Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

　　　　　Aubrey Pierce appeals what should be an order of revocation of probation

and sentences entered on revocation. Although we conclude that there was a basis for

the trial court to find that Mr. Pierce violated his probation and that the court was

authorized to revoke probation as a result of several violations, the court had no

authority to enter second judgments of conviction on October 11, 2013, which duplicated the judgments of conviction entered on July 23, 2012. Without entering an order of revocation of probation, the trial court had no authority to sentence Mr. Pierce to a term in prison. Accordingly, we reverse the unauthorized judgments and the amended sentences imposed on those judgments. We remand for entry of a proper order of revocation and for sentencing on that order.

The facts in this case are not complex. Mr. Pierce was charged with four felonies and a misdemeanor in June 2012. He entered into a negotiated plea agreement under which he agreed to plead guilty in exchange for a forty-eight-month term of probation. On July 23, 2012, the trial court adjudicated him guilty for all five offenses, entered judgments of guilt as to the five offenses, and sentenced Mr. Pierce to concurrent terms of forty-eight months' probation for the felonies and twelve months' probation for the misdemeanor. An order of probation was entered on that same day.

Thereafter, in July 2013, the Department of Corrections filed an affidavit alleging nine violations of probation, including some relating to new substantive offenses. On October 11, 2013, the trial court conducted an evidentiary hearing on these allegations. After receiving testimony from four witnesses, the trial court found violations and pronounced sentence stating:

> As such, having found you to be in violation of these terms and conditions; specifically, Condition 5 times three and Condition 6 times 2, I revoke the probation, adjudicate you guilty of Counts I, II, III, IV, and V, sir. Count V, sentence you to time served; that's the misdemeanor. Count I, sentence you to five years Florida state prison. Count II, sentence you to five years Florida state prison consecutive to the five on Count I. Count III, sentence you to five years' probation, consecutive to the ten years prison. And Count

- 2 -

IV, sentence you to an additional five years consecutive probation.  So it's ten prison followed by ten probation.[1]

The trial court did not enter an order revoking probation on these findings. Instead, it entered duplicate judgments on October 11, 2013.[2]  It then entered sentences in accordance with the oral pronouncement.  Mr. Pierce appealed the judgments and sentences.

The error in this case is not new to the Thirteenth Judicial Circuit.  In fairness to Judge Holder, it is likely that he is simply following procedures and using forms created by others.[3]  Eight years ago, we explained to the Thirteenth Judicial Circuit that we were "not aware of any rule or statute that expressly permit[ted] a circuit court to enter multiple judgments of conviction for the same offense in one case" and we further explained problems with this practice.  See Dawkins v. State, 936 So. 2d 710, 712 (Fla. 2d DCA 2006).  For nearly ten years, the supreme court has provided a standard form order of revocation of probation that the circuit courts are expected to use.  See Fla. R. Crim. P. 3.995.

---

[1]During the pendency of this appeal, Mr. Pierce filed and this court granted a motion to temporarily relinquish jurisdiction, which sought relinquishment to allow the trial court to modify Mr. Pierce's sentences.  During the thirty-day relinquishment period, the trial court entered amended sentences on counts one through four, sentencing Mr. Pierce to 24.325 months' imprisonment on each count all to run concurrently.

[2]We note that the judge did not need to "adjudicate" Mr. Pierce guilty. That had already occurred at the first sentencing hearing.  A second pronouncement of the adjudication of guilt is probably a harmless practice, but a defendant needs to be adjudicated guilty at a violation of probation hearing only if adjudication was withheld at the earlier sentencing hearing.

[3]We actually have considerable confidence Judge Holder will be able to solve this long-term problem that this court obviously has been unable to solve.

Over the years, we have repeatedly pointed out to the Thirteenth Judicial Circuit that it is using forms that are not in compliance with the rules of procedure. See Badger v. State, 23 So. 3d 813 (Fla. 2d DCA 2009); Johnson v. State, 17 So. 3d 1290 (Fla. 2d DCA 2009). We have made this observation in cases arising from at least one other circuit as well. See Bush v. State, 135 So. 3d 1108 (Fla. 2d DCA 2013); Kiburis v. State, 18 So. 3d 1254 (Fla. 2d DCA 2009).

In Jackson v. State, 56 So. 3d 65 (Fla. 2d DCA 2011), the author of this opinion pointed out in a concurrence that the Department of Corrections was contributing to this problem by the language used in the form it required the clerks of the circuit courts to utilize to commit a defendant to the Department's custody. Id. at 66-67 (Altenbernd, J., concurring) (citing section 944.17(4), Florida Statutes (2010)). The Department appears to have responded to this concern by revising its form, the "Uniform Commitment to Custody of Department of Corrections." That form, DC6-306 (Revised 5/3/11), now includes a sentence stating: "In addition to the Original Judgment, if judicial supervision has been revoked subsequent to the entry of the judgment adjudicating guilt, a certified copy of the order revoking supervision (rather than a duplicative judgment adjudicating guilt) is also attached in support of this commitment." http://www.dc.flcjn.net/commitment.html.

Nevertheless, more than two years after the Department revised the form, the commitment document signed on October 11, 2013, on behalf of the Clerk of the Court for the Thirteenth Judicial Circuit, is not in accordance with the Department's form. By omitting the required sentence and sending the impermissible duplicative judgment,

the commitment papers convinced the Department to receive a prisoner whom the Department otherwise would have rejected for lack of an order of revocation.

Thus, we reverse the unauthorized judgments and sentences and remand for the trial court to enter a proper revocation order and sentences. We note that at the end of the revocation hearing the trial court orally pronounced violations of condition six as well as condition five. The affidavit does not appear to allege violations of condition six. However, it does allege numerous violations of condition five, and we recognize that those violations would be sufficient to support an order of revocation.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and MORRIS, JJ., Concur.