NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHRISTINEANN D. SMOLINSKI,      )
                                )
            Appellant,           )
                                )
v.                              )          Case No.   2D14-582
                                )
STATE OF FLORIDA,               )
                                )
            Appellee.            )
_____)

Opinion filed December 17, 2014.

Appeal from the Circuit Court for Polk
County; Catherine Combee, Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and C. Suzanne Bechard,
Assistant Attorney General, Tampa,
for Appellee.


KELLY, Judge.

        Christineann D. Smolinski appeals the sentence imposed upon her

following the revocation of her probation.  We affirm her sentence but remand for entry

of a written order of revocation of probation.

While her appeal was pending, Ms. Smolinski filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b) due to the lack of a written order of revocation. The trial court denied the motion stating that "[a]n Order of Community Control was entered by this Court on January 17, 2014." Although the Order of Community Control reflects the conditions of probation Ms. Smolinski was found to have violated, this court has concluded that failure to enter a separate written order of revocation of probation is error. See Kiburis v. State, 18 So. 3d 1254 (Fla. 2d DCA 2009); Moschiano v. State, 12 So. 3d 922 (Fla. 2d DCA 2009); Dawkins v. State, 936 So. 2d 710 (Fla. 2d DCA 2006). We therefore remand this case for entry of a proper written revocation order. See Kiburis, 18 So. 3d at 1254.

Affirmed; remanded with instructions.

WALLACE and BLACK, JJ., Concur.