PER CURIAM.
Leroy R. Gadson petitions this court for a writ of habeas corpus, asserting six claims of ineffective assistance of appellate counsel. One claim merits relief. Specifically, Gadson argues that his appellate counsel was ineffective for failing to file a motion, pursuant to Florida Rule of Criminal Procedure 3.800(b), to correct a sentencing error in connection with his 30-year sentence for attempted robbery with a deadly weapon. We agree.
Gadson was convicted of committing an attempted robbery with a deadly weapon. During sentencing, the trial court incorrectly determined that the conviction was a first-degree felony and, as a result, sentenced Gadson to 30 years in the Department of Corrections.
Robbery with a deadly weapon is a first-degree felony punishable by a life sentence, but an attempt to commit that offense is reclassified as a second-degree felony carrying a maximum penalty of 15 years in the Department of Corrections. Johnson v. State, 44 So.3d 209 (Fla. 5th DCA 2010). Although a first-degree felony punishable by life is punishable by a potentially longer sentence then a standard first-degree felony, for the purpose of sentencing it does not constitute a separate classification of offenses, wholly dis *721 tinct from standard first-degree felonies. See § 775.081(1), Fla. Stat. (2010) (providing that felonies are classified into the following categories: (a) capital felony; (b) life felony; (c) first-degree felony; (d) second-degree felony; and (e) third-degree felony). Section 777.04(4)(c) specifically provides that convictions for an attempt to commit a life-felony or a first-degree felony are reclassified as second-degree felonies. Therefore, the trial court erred in designating Gadson’s conviction as being a first-degree felony and imposing a 30-year sentence.
Had appellate counsel filed a rule 3.800(b)(2) motion alleging an illegal sentence, either the trial court would have granted the motion and corrected the sentence or the issue would have been preserved for appellate review and this court would have vacated the illegal sentence and remanded for re-sentencing. As such, counsel’s failure to file a rule 3.800 motion constituted ineffective assistance of counsel. Accordingly, we reverse Gadson’s 30-year sentence and remand for re-sentencing as well as for the correction of any errors in the written judgment misclassify-ing the attempted robbery offense as a first-degree felony. See Johnson v. Wainwright, 498 So.2d 938 (Fla.1986).
PETITION GRANTED in part; DENIED in part; and CAUSE remanded.
PALMER, COHEN, and BERGER JJ., concur.