NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| ROBIN CHRISTOPHER BUTLER, DOC #528969, | ) ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D15-567 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed June 22, 2016.

Appeal from the Circuit Court for
Polk County; John E. Kirkland and
Reinaldo Ojeda, Judges.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.

WALLACE, Judge.

Robin C. Butler challenges the revocation of his probation in circuit court

case numbers 2011CF-009406 and 2012CF-003342 and the judgment and sentences

imposed following a jury trial in circuit court case number 2014-CF-003581.  Mr. Butler's

appellate counsel filed this appeal pursuant to Anders v. California, 386 U.S. 738

(1967), and In re Appellate Court Response to Anders Briefs, 581 So. 2d 149 (Fla.

1991).  Appellate counsel suggests review of Mr. Butler's motions to suppress evidence and for judgment of acquittal in case number 2014-CF-003581 and of the sentences imposed in all three cases.  Mr. Butler also filed a pro se brief[1] in which he argues that the trial court erred in denying his motion to suppress the evidence in case number 2014-CF-003581.

After a full and independent review of the record, and after considering the arguments raised in Mr. Butler's pro se brief, we affirm the judgment and sentences imposed in case number 2014-CF-003581 without comment.  We also affirm the revocation of Mr. Butler's probation in case numbers 2011CF-009406 and 2012CF-003342, but we remand for the correction of several errors with regard to the revocation of Mr. Butler's probation that are apparent on the face of the record.

First, we address several concerns with the order revoking Mr. Butler's probation.  That order states:

> The defendant has not properly conducted himself and violated the conditions of Probation in a material respect by
>
> Admits VOP
> Waive OS COS
> Deft found to be in Violation
> New and OS Money due 20 days from release
> 5 years FSP, to be given credit for all time served.

Obviously, these comments do not explain which conditions of probation the trial court found Mr. Butler to have violated or in what material respect those conditions were violated.  Moreover, other than the trial court's express finding that Mr. Butler had

---

[1]See In re Anders Briefs, 581 So. 2d at 151 ("Upon counsel's submission of the motion to withdraw accompanied by an Anders brief, the indigent must be given the opportunity to file a pro se brief.").

willfully and substantially violated condition five (the new law violation), we can find no reference to any findings with respect to the other (technical) violations alleged.[2]  We also note that Mr. Butler did not admit to the alleged violation(s), so the comment, "Admits VOP" appears to be in conflict with the record.

Second, the trial court entered new judgments in case numbers 2011CF-009406 and 2012CF-003342.  Duplicative adjudications of guilt after revocation of probation or community control are superfluous, are unauthorized, and can cause undue confusion in future proceedings.  See Pierce v. State, 150 So. 3d 1207, 1208-09 (Fla. 2d DCA 2014); Jackson v. State, 56 So. 3d 65, 66 (Fla. 2d DCA 2011); Dawkins v. State, 936 So. 2d 710, 712 (Fla. 2d DCA 2006).

> [T]he circuit court must enter a judgment on a violation of probation "*unless* [the defendant] has previously been adjudged guilty."  See § 948.06(2)(e), Fla. Stat. (2010) (emphasis added).  Thus, the circuit court only enters a judgment on a violation of probation in those instances when it withheld an adjudication of guilt, i.e., withheld judgment, at the time it originally imposed probation.

Jackson, 56 So. 3d at 67 (Altenbernd, J., concurring).

Because we conclude that the trial court would have revoked Mr. Butler's probation based solely on the violation of condition five, we affirm the revocation of probation and the resulting sentences in case numbers 2011CF-009406 and 2012CF-003342.  We reverse the unauthorized judgments and order of revocation of probation in case numbers 2011CF-009406 and 2012CF-003342, and we remand for entry of an order of revocation that comports with the trial court's oral pronouncements and sets

---

[2]The trial court's express finding that Mr. Butler willfully and substantially violated condition five is sufficient by itself to support the revocation of Mr. Butler's probation.

forth the condition(s) of probation Mr. Butler was determined to have violated.  See Smith v. State, 940 So. 2d 530, 531 (Fla. 2d DCA 2006); Cato v. State, 845 So. 2d 250, 251 (Fla. 2d DCA 2003).  The judgment and sentences imposed in case number 2014-CF-003581 are affirmed.

Affirmed in part, reversed in part, and remanded with instructions.

VILLANTI, C.J., and LUCAS, J., Concur.