NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KADARIAN DAIME FREEMAN,               )
                                      )
          Appellant,                  )
                                      )
v.                                    )     Case No. 2D16-2740
                                      )
STATE OF FLORIDA,                     )
                                      )
          Appellee.                   )
_____ )

Opinion filed August 16, 2017.

Appeal from the Circuit Court for Polk
County; Kelly P. Butz, Judge.

Howard L. Dimmig, II, Public Defender,
and Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


SALARIO, Judge.

        In this Anders[1] appeal, Mr. Freeman seeks review of a judgment and

sentence in a 2015 case and a related order revoking his probation in two 2012 cases.

In June 2016, Mr. Freeman pleaded no contest to charges in the 2015 case involving

multiple counts of burglary of a dwelling and grand theft of a dwelling involving more

_____
        [1]Anders v. California, 386 U.S. 738 (1967).

than $100 and one count of driving with a suspended or revoked license. He reserved no issues for appeal. He was given concurrent sentences of fifteen years in prison for each burglary count, five years in prison for each grand theft count, and time served for the license count. We affirm these convictions and sentences without further comment.

At the time he committed the offenses at issue in the 2015 case, Mr. Freeman was serving probation in two 2012 cases in which he had been adjudicated guilty on counts for robbery with a deadly weapon, armed burglary, and harassing a witness. At the same hearing where he pleaded to the new charges, he also admitted to violating all of the technical and substantive conditions of his probation that he was alleged to have violated as specified in an affidavit and amended affidavit of violation of probation filed subsequent to the events underlying the new charges. The trial court accepted this admission and entered a single order revoking his probation in both 2012 cases. The trial court sentenced him as a youthful offender to concurrent 214-month sentences on each count in those cases. We affirm the revocation of his probation and resulting sentences in those cases without further comment.

There are two technical problems with the written record in each of the 2012 cases that we are required to correct. First, when it entered the new written sentences as a result of the probation revocation, the trial court also reentered the written judgments in the two cases. But Mr. Freeman had previously been adjudicated guilty of those offenses and written judgments thereon had already been entered. Entering those same judgments a second time in conjunction with the entry of the new written sentences is an error, correctable in an Anders proceeding, that requires the reversal of the new and superfluous written judgments. See Butler v. State, 195 So. 3d 1147, 1148-49 (Fla. 2d DCA 2016). Second, the written order of revocation in the 2012

cases does not specify the conditions of probation that he admitted to violating, as it is required to do.  See Cato v. State, 845 So. 2d 250, 251 (Fla. 2d DCA 2003).

For these reasons, we reverse only the new, unauthorized written judgments for the 2012 violation of probation cases and direct that they be stricken on remand.  We further direct that the written order of revocation be amended to reflect the conditions of probation, as specified in the affidavits, that he admitted to violating.  In all other respects, we affirm.

Affirmed in part; reversed in part; remanded.

VILLANTI and BLACK, JJ., Concur.