NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ADAN ESPINOZA-BRITO,                )
                                    )
            Appellant,              )
                                    )
v.                                  )          Case No. 2D16-3752
                                    )
                                    )
STATE OF FLORIDA,                   )
                                    )
            Appellee.               )
_____ )

Opinion filed May 9, 2018.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa,
for Appellee.


ROTHSTEIN-YOUAKIM, Judge.

        This appeal was filed pursuant to Anders v. California, 386 U.S. 738

(1967).  We affirm the revocation of Espinoza-Brito's probation and the sentence

imposed, but we reverse a superfluous judgment and remand for entry of a written order

of revocation of probation.

In 2011, Espinoza-Brito pleaded nolo contendere to a single third-degree felony. The trial court adjudicated him guilty and sentenced him to sixty months' probation. In 2016, he admitted that he had violated condition five of that probation by committing a new law offense. The trial court accepted his admission, determined that he had willfully and substantially violated the terms of his probation by committing the alleged offense, revoked his probation, and sentenced him to eighteen months in prison, to be served consecutively to a federal sentence that he was already serving.

Upon our independent review of the record, we affirm without further comment the revocation of Espinoza-Brito's probation and the sentence imposed. We remand, however, for the correction of two errors that are apparent on the face of the record. First, upon revocation, the trial court entered a new, superfluous judgment. Pursuant to section 948.06(2)(e), Florida Statutes (2016), "If . . . probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty . . . ." (Emphasis added.) "Thus, the circuit court only enters a judgment on a violation of probation in those instances when it withheld an adjudication of guilt, i.e., withheld judgment, at the time it originally imposed probation." Jackson v. State, 56 So. 3d 65, 67 (Fla. 2d DCA 2011) (Altenbernd, J., concurring). "Entering [the same judgment] a second time in conjunction with the entry of the new written sentence[] is an error, correctable in an Anders proceeding, that requires the reversal of the new and superfluous written judgment[]." Freeman v. State, 225 So. 3d 929, 930 (Fla. 2d DCA 2017).

Second, although the record supports the trial court's oral findings and its determination that Espinoza-Brito had willfully and substantially violated the terms of his probation, the trial court does not appear to have entered the requisite written revocation order—the statement on the sentencing order, "And the court having placed the defendant on probation/community control and having subsequently revoked the defendant's probation/community control," does not suffice.  See Dolinger v. State, 779 So. 2d 419, 421 (Fla. 2d DCA 2000) ("[T]he written sentence also indicates that Dolinger's probation was revoked.  Nevertheless, the trial court erred by failing to enter a written revocation order and is directed to do so on remand."); Donley v. State, 557 So. 2d 943, 944-45 (Fla. 2d DCA 1990) ("The record contains forms entitled 'Memo of Sentence of the Court' and uniform sentencing orders . . . .  Neither the forms nor the sentencing orders are sufficient.  When a court finds that a probationer has violated his probation, it must enter a formal order setting forth the conditions that it finds were violated.").

Accordingly, we reverse the superfluous, unauthorized judgment entered in September 2016 and direct that it be stricken on remand.  We further direct that the trial court on remand enter a written order of revocation reflecting the condition of probation that Espinoza-Brito admitted violating.[1]  In all other respects, we affirm.

Affirmed in part; reversed in part; remanded with instructions.

VILLANTI and SLEET, JJ., Concur.

---

[1]Espinoza-Brito need not be present for the entry of the written order.  See Mitchell v. State, 238 So.3d 386, 387 (Fla. 3d DCA 2018).