NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NICHOLAS FOUNTAIN, DOC #H06734,       )
                                      )
             Appellant,               )
                                      )
v.                                    )
                                      )   Case No.  2D17-3933
STATE OF FLORIDA,                     )
                                      )
             Appellee.                )
_____     )

Opinion filed July 20, 2018.

Appeal from the Circuit Court for Polk
County; J. Kevin Abdoney, Judge.

Howard L. Dimmig, II, Public Defender,
and Clark E. Green, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee.


PER CURIAM.

        Nicholas Fountain appeals the order revoking his probation and imposing

an incarcerative sentence for his felony and misdemeanor offenses.  We affirm the

revocation of Fountain's probation and his resulting sentences without further comment;

however, the trial court erroneously entered a second judgment when it imposed

Fountain's sentences upon revocation.  See Schaufler v. State, 43 Fla. L. Weekly

D1391a (Fla. 2d DCA June 20, 2018) ("Duplicative adjudications of guilt after revocation of probation or community control are superfluous, are unauthorized, and can cause undue confusion in future proceedings." (quoting Butler v. State, 195 So. 3d 1147, 1148 (Fla. 2d DCA 2016))).  Because the trial court initially adjudicated Fountain guilty and entered a judgment against him when it imposed his split sentences, the second judgment was unauthorized and should be stricken.  See id. ("[T]he circuit court only enters a judgment on a violation of probation in those instances when it withheld an adjudication of guilt, i.e., withheld judgment, at the time it originally imposed probation." (alteration in original) (quoting Butler, 195 So. 3d at 1148-49)).

Accordingly, we affirm the revocation of Fountain's probation and his resulting sentences but remand for the trial court to vacate the second written judgment.

Affirmed.

NORTHCUTT and LUCAS, JJ., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.