NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JAHMONTAE A. HAMMOND, a/k/a )
JAHMONTAE ALEXANDER HAMMOND, )
 )
  Appellant, )
 )
v. )  Case No. 2D17-3705
 )
STATE OF FLORIDA, )
 )
  Appellee. )
_____)

Opinion filed January 4, 2019.

Appeal from the Circuit Court for
Hillsborough County; Samantha L. Ward,
Judge.

Howard L. Dimmig, II, Public Defender,
and Pamela H. Izakowtiz, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katie Salemi Ashby,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

   Jahmontae A. Hammond appeals the order revoking his probation and the

resulting corrected sentences on five felony counts. We affirm the order revoking his

probation and the corrected sentences without discussion. However, we remand for the trial court to vacate a second judgment entered upon revocation of probation.

Hammond had originally been adjudicated guilty on the five felony counts in 2014, and his probation was revoked in 2017. The trial court entered a revocation order and sentences and later entered a corrected judgment and sentences.[1] When a judge originally adjudicates a defendant guilty, a second judgment upon revocation of probation is unauthorized and can cause confusion in the future. See Fountain v. State, 249 So. 3d 786, 787 (Fla. 2d DCA 2018); Schaufler v. State, 255 So. 3d 929, 929 (Fla. 2d DCA 2018). Here, the confusion is exacerbated because the 2017 corrected judgment contains an adjudication on a misdemeanor for count six that does not appear in the 2014 original judgment. Therefore, we remand for the trial court to vacate the unauthorized corrected judgment of September 13, 2017. See Fountain, 249 So. 2d at 787.

Affirmed in part and remanded with instructions.

BLACK and SALARIO, JJ., Concur.

---

[1]The sentences were corrected to continue Hammond's status as a youthful offender on all counts.