DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARRELL TODD MCCRAE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2029

[June 5, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562022CF000805A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals the revocation of his probation and consequent sentence. The defendant argues the trial court erred in revoking his probation and imposing the minimum prison sentence. He also argues the trial court erred in adjudicating him guilty a second time. We find no merit in the first argument and affirm without further comment. The State agrees the trial court erred in adjudicating the defendant a second time for the probation violation, and we agree. We reverse on the second issue.

"An appellate court reviews a trial court decision on violations of probation under an abuse of discretion standard." *Davis v. State*, 48 So. 3d 176, 179 (Fla. 4th DCA 2010) (quoting *Ubiles v. State*, 23 So. 3d 1288, 1291 (Fla. 4th DCA 2010)).

Because the defendant failed to object contemporaneously and raise fundamental error in his initial brief, the defendant's sentencing error arguments are unpreserved on appeal. Regardless, they also lacked merit, as the trial court had discretion to sentence the defendant as it did.

However, "[d]uplicative adjudications of guilt after revocation of probation or community control are superfluous, are unauthorized, and can cause undue confusion in future proceedings." *Butler v. State*, 195 So. 3d 1147, 1148 (Fla. 2d DCA 2016). In *Butler*, the Second District held the trial court erred in adjudicating the defendant a second time because the trial court had already adjudicated the defendant guilty of the underlying offense. *Id.* at 1149. The same result is dictated here. *See Witham v. State*, 311 So. 3d 34, 34 (Fla. 4th DCA 2021) ("[I]t appears that duplicate final judgments were entered. On remand, the [trial] court should also strike one of these judgments.").

We reverse and remand the case to the trial court to strike the second adjudication of guilt. We affirm in all other respects.

*Affirmed in part; reversed in part.*

DAMOORGIAN and CONNER, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***